UNION TRUST COMPANY OF SPRINGFIELD *vs.* MARY A.
MAGENIS.

Hampden.    September 20, 27, 1928. — February 28, 1929.

Present: RUGG, C.J., PIERCE, WAIT, & SANDERSON, JJ.

*Probate Court*, Jurisdiction, Jury issues, Rehearing, Appeal.

After a rescript from this court to a probate court affirming a decree
denying a motion for the framing of issues to be tried by a jury, the
respondent moved for a rehearing of that motion on the ground of
newly discovered evidence in support of it.  The judge of probate
entertained the motion for a rehearing, considered affidavits and an
oral statement by counsel in support of it, but, in the midst of the
statement, declined to hear counsel "further on the different testimony
that he might produce, the court having heard all it cared to hear in
that direction."  Counsel for the respondent excepted.  The judge
then denied the motion for a rehearing, and, against objection by the
respondent, insisted upon proceeding with a hearing of the petition
for proof of the will and heard the petitioner's evidence, the respondent's
counsel withdrawing from the hearing room, and allowed the will.
Upon appeal by the respondent, it was *held*, that
(1) Although the judge of probate in the exercise of his discretion
might have declined to hear the motion for a rehearing of the motion
to frame jury issues, upon his entertaining the motion, he should have
given a full hearing, and the decree denying the motion in the circum-
stances was error and it was reversed;
(2) In the circumstances, the appeal properly was before this court;
(3) The error in the denying of the motion for a rehearing of the
motion to frame jury issues so affected the decree allowing the will in
the circumstances that that decree also was reversed.

PETITION, filed in the Probate Court for the county of
Hampden on May 1, 1925, for the proof of the will of
Hannah L. Barry, late of Springfield.

The case previously was before this court when, in a
decision reported in 259 Mass. 409, a decree, entered by
order of *Long*, J., denying a motion by Mary A. Magenis
for the framing of issues to be tried by jury, was affirmed.
Thereafter the proceedings described in the opinion oc-
curred with respect to a motion by the respondent for a
rehearing of her motion to frame issues for a jury.  After

the judge had denied that motion, he insisted against objection by the respondent upon hearing the petitioner's evidence as to the proof of the will, the respondent's counsel withdrawing from the hearing room, and allowed the will.

The respondent appealed from decrees, then entered by order of *Long*, J., denying a motion for a rehearing of the motion to frame jury issues and allowing the will.

*J. B. Ely & D. J. Kiley*, for the respondent.

*C. W. Bosworth*, for the petitioner.

RUGG, C.J. This case was before us in *Union Trust Co.* v. *Magenis*, 259 Mass. 409, on appeal from the denial of a motion for the framing of jury issues concerning an instrument alleged to be the will of Hannah L. Barry. In that opinion, after briefly summarizing the evidence and stating the governing principles of law, it was said, in substance, that whatever may have been the mental condition of the deceased before and after the execution of the instrument alleged to be a will and codicil, "it cannot quite be said that the judge was plainly wrong as matter of law in denying the issue upon that question"; and further, after stating that the framing of issues is not entirely within the discretion of the judge of probate, it was added: "We are of opinion, with hesitation, that the decision of the Probate Court was not erroneous as matter of law."

Thereafter there was filed in the Probate Court a motion for a rehearing on the question whether issues for a jury should be framed. When the motion for rehearing on the motion to frame issues for a jury trial came on to be heard, the judge did not decline to hear the motion but entertained it. He considered affidavits filed in support of the motion and an oral statement made by counsel. This was in accordance with permissible practice. *Cook* v. *Mosher*, 243 Mass. 149, 152. In the midst of that statement the judge said: "The motion for reopening is overruled." Thereupon the counsel excepted, and the judge stated that he declined to hear counsel "further on the different testimony that he might produce, the court having heard all it cared to hear in that direction. To that ruling the counsel excepted."

It was said in *Clark* v. *McNeil*, 246 Mass. 250, at pages

256, 257: "A motion for a rehearing of a motion to frame jury issues has no standing as matter of right. Nevertheless, it may be entertained if the judge thinks that it is required by justice. . . . Where a decision has come before the full court for review and correction, such a decision if affirmed must stand. There cannot be further review of the same point in the light of the same evidence after a mandate from this court. It is the interest of the public that in those conditions there be an end of litigation. . . . If, however, there is evidence, newly discovered since the denial of the motion to frame issues, of such importance as to have a material effect on the question to be determined, then there is jurisdiction for rehearing of the motion. But such newly discovered evidence ought to be so essential to a proper consideration of the motion as to be likely to affect the substantial interests of the parties."

Under the principle thus declared the probate judge might have declined to hear the motion for reopening the jury issues on the ground of newly discovered evidence. He did not pursue that course; he proceeded to a hearing. Having exercised his discretion to hear the motion based upon newly discovered evidence he was bound to hear it through, whether presented by affidavit, by testimony, or by oral statement of counsel as to expected proof. It is contrary to fundamental principles of administration of justice according to the common law to decline to hear all pertinent evidence offered by counsel. *Parker* v. *Lewis J. Bird Co.* 221 Mass. 422, 425. *Norcross* v. *Haskell*, 251 Mass. 30, 33. It goes without saying that the judge was not obliged to listen to a mere repetition of what had been presented at the earlier hearing, or to prolixity in any form. Whatever evidence was newly discovered and pertinent, and concisely presented, the judge was obliged to hear, having reopened the hearing. In view of the cautionary words used when the case was first here, there was a weighty obligation on the judge to give a full and complete hearing of all relevant testimony. The record discloses error on the part of the judge in the conduct of this hearing in that he refused to hear all that was at hand to be offered.

Ordinarily a second appeal on a motion to frame issues would not be entertained by this court. It cannot come here by appeal as of right under G. L. c. 215, § 22, before the termination of further proceedings. But this is not that kind of an appeal. It is an appeal with respect to proceedings had pursuant to authority vested in the judge. It is analogous to a motion for jury issues in an equity case. This appeal rightly comes before us after hearing on the merits and together with an appeal from a decree allowing the will. *Fuller* v. *Chapin,* 165 Mass. 1. It has not been contended that there was error of law in the hearing on the merits standing by itself alone. But since there was error in the preliminary hearing as to framing of issues, and the ultimate decision of that matter may affect further procedure, it is necessary to reverse that decree also.

> *Order denying motion for a rehearing of the motion to frame issues to jury reversed.*
> *Decree allowing will reversed.*