Riley, J.
This is an action of contract brought to recover the balance due upon an installment promissory note of which the plaintiff is the endorsee and the defendant the maker.
The defendant’s answer is a general denial, plea of infancy, plea of fraud and a plea that the automobile for which the note was given in payment had been validly repossessed by the plaintiff for breach of conditions thereof. The plea of infancy was waived by the defendant in open court.
The Report states that it contains all the evidence pertinent to the questions reported, there being no question of pleading to be reported. It recites that there was evidence tending to show: “The defendant purchased a Packard automobile from the International Motor Car Company, a Springfield dealer, on a conditional sales agreement, and gave therefor partly cash and the balance was payable in monthly installments represented by his promissory note. Both the note and the contract of conditional sale were executed by the defendant and delivered to the International Motor Car Company at the time that the sale was made, and the note was thereafter, and before maturity, for a valuable consideration, negotiated and endorsed by the International Motor Car Company to the plaintiff in this action, the plaintiff being an automobile financing concern. The contract of conditional sale covering the Packard car was at the same time assigned to the plaintiff in this action. The plaintiff then became a bonafide holder for value and in good *376 faith of said note in due course, without any notice of any fraud practised by the payee upon the maker in procuring either the note or the contract. At the time the note was negotiated the plaintiff had no notice of any infirmity in the instrument or defect in the title of the person- negotiating it. While the plaintiff took the note with notice of the contract of conditional sale it had no notice of any breach of that contract. ” It further appears from the Report that the defendant made an offer of proof to establish fraud on the part of the International Motor Car Company in procuring the execution of the note and the contract of conditional sale by the defendant, which offer of proof was excluded by the court subject to a claim of report by the plaintiff. It was agreed that the Packard automobile which was covered by the conditional sale contract had been legally re-possessed by the plaintiff and that adequate credit therefor had been given for the same upon the note, -in accordance with Acts of 1935 Chap. 348 Section 1. The court granted two and refused three Requests for Ridings filed by the" defendant. There was a finding for the plaintiff. At the request of the defendant the court reported the correctness of his finding and his rulings upon the defendant’s Requests and the exclusion of the evidence above described.
The case was submitted upon briefs. In his brief the defendant states that he now waives all claims of error except that relating to the exclusion of evidence tending to show fraud on the part of the payee. His argument, as we understand it, is that until the court had found as a fact that the plaintiff was a holder in due course, evidence of fraud on the part of the payee was admissible and that in refusing to hear this evidence of fraud the court was pre-judging the cause within the authority of Union Trust Co. vs. Magenis, 266 Mass. 363, 365 and Preston vs. Peck, 271 Mass. 159, 164. These cases are authority for the principle that it is the duty of a magistrate to hear all pertinent, compe *377 tent evidence on a disputed issue and not to reach a final conclusion until he has heard all such evidence. The Report does not show at what stage of the trial the evidence excluded by the judge in the case at bar was offered. It does, however, set out that the note was negotiated before maturity for a valuable consideration to the plaintiff by the payee, that the plaintiff then became a bonafide holder for value and in good faith of said note in due course without any notice of any fraud practiced by the payee upon the maker in procuring either the note or the contract of conditional sale, that at the time the note was negotiated the plaintiff had no notice of any infirmity in the instrument or defect in the title of the person negotiating it, and that while the plaintiff took the note with notice of the contract of conditional sale, it had no notice of any breach of that contract. No evidence is set out in the Report that in any way contradicts the foregoing. Furthermore, the defendant in his brief states that it was agreed that the plaintiff had no actual notice of defects or infirmities in the instrument.
G. L. (Ter. Ed.) Chap. 107, §75 provides: “A holder in due course is a holder who has taken the instrument under the following conditions:
1. That it is complete and regular upon its face;
2. That he became the holder of it before it was overdue and without notice that it had been previously dishonored, if such was the fact;
3. That he took it in good faith and for value;
4. That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it.”
In Massachusetts National Bank vs. Snow, 187 Mass. 159, 162, 163, the court says, “Upon the undisputed evidence and upon the defendant’s admission that the plaintiff took them in good faith and discounted them without knowledge of any infirmity in them or defect of title in Stevens, the *378 plaintiff became a holder in due course within the definition of the Statute.” In Boston Steel & Iron Co. vs. Steuer, 183 Mass. 140, a check payable to the plaintiff was handed by the drawer of the check to her husband, to be delivered by him to the plaintiff in payment of a debt to become due from the drawer of the check to the payee and was fraudulently handed by the husband to the payee of the check in payment of a debt due from him to the payee and was accepted by the payee in good faith in payment of that debt. It was held that the plaintiff was a holder in due course of 'the check within the provisions of the Negotiable Instruments Act, and that evidence of the husband’s fraud was rightly excluded, the court saying at Page 143, “In such a case the payee of the check is a bonafide purchaser of the check for value, without notice and the drawer could not set "up her husband’s fraud in defence of the check.” See also Commercial Credit Co. vs. McDonough, 238 Mass. 73.
On the uncontradicted evidence and the admissions in the present case it does not appear that at any time the defendant contended at the trial that the plaintiff had any notice of any infirmity in the instrument or defect in the title of the payee. Indeed, he does not now so contend. Without such notice the fraud of the payee was ineffectual as a defence in this action. Gr. L. (Ter. Ed.) Chap.' 107, §80, provides, “A holder in due course holds the instrument .free from any defect of title of prior parties, and free from defence available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon.”
The evidence offered to establish fraud on the part of the International Motor Car Company in procuring the execution of the note and contract of conditional sale had no probative value in establishing notice of any infirmity in the instrument to the plaintiff or that the plaintiff was not a holder in due course. It was not competent on those issues *379 or pertinent on any material disputed issue in the case. On the record before us there appears to have been no prejudicial error in the exclusion of the defendant’s offer of proof and the Report is ordered dismissed.