Hibbard, P. J.
This is an action of tort which has heretofore been before this tribunal upon a claim of report filed by the defendant (Mass. Appellate Division Reports, Vol. 8, No. 5). It was held that the denial by the Trial Court of requested rulings was not prejudicial error and that the denial of a motion for a new trial was proper, having been addressed to the sound discretion of the Court, and further that no abuse of such discretion had been shown.
Thereafter the defendant appealed to the Supreme Judicial Court. After hearing, that Court affirmed the order dismissing the report (1944 A. S. 1311). The defendant thereafter seasonably filed a motion for a new trial and an affidavit in support thereof, the affiant being of counsel for the defendant. A copy of the motion for a new trial follows:
*154 “DEFENDANT’S MOTION FOB A NEW TBIAL.
Now comes the defendant in the above entitled cause and says that at the trial of said case, it appeared that the plaintiff sustained personal injuries as a result of an accident which occurred on December 26, 1941, causing a fracture of the tibia and fibula of his right leg; further there was medical testimony that on the date of the trial there was union of the fibula, but only slight evidence of union of the tibia; that there was further testimony that it was possible that there would never be any strong callous formation and that it was possible that he would never set union; that if union were not obtained within six months to a year of the date of trial, another operation with a bone graft would be the recommended treatment and with resultant indefinite period of disability.
And the defendant now moves that a new trial be granted on the ground of newly discovered evidence which was not available at the time of the .trial. The new evidence coming to the attention of the defendant and his attorney will prove that the plaintiff recovered from the effects of the accident and did obtain sufficient bony union of the tibia and fibula of his injured leg so that it was advisable for him to return to work subsequent to the trial of the case and that no further operation was required with a bone graft.
The defendant submits herewith in support of this motion an affidavit subscribed to by his attorney, the affidavit' of the witness who will so testify not being available or obtainable by the defendant or his attorney, and the defendant further requests that he be permitted to present the facts by oral testimony under oath of the witness or witnesses.”
The affidavit was of the following tenor:
“AFFIDAVIT.
I, Berge C. Tashjian, Attorney for the defendant on oath depose and say on information and belief that the plaintiff in the above entitled cause following* the trial of this case and during the year 1943 sufficiently recovered from the effects of this accident so that he was able to perform work for remuneration and such work and use of his leg would be of benefit to him; that he obtained bony union of both the tibia *155 and fibula of Ms injured leg without the requirement of any further operation of any kind; that Ms period of total disability did not extend beyond the end of the year 1943; and that he is now able to engage in a remunerative occupation.
/s/ Berge 0. Tashjian
COMMONWEALTH OF MASSACHUSETTS,
Worcester ss.
September 21,1944.
Then personally appeared the above named Berge C. Tashjian and made oath that the foregoing affidavit subscribed by him is true to the best of his knowledge, information and. belief.
/s/ Samuel Perman
Notary Public.”
The defendant seasonably filed eight requests for rulings, all of wMch except the eighth were allowed by the Trial Court. This was of the following tenor:
“8. On all the evidence the defendant is entitled to a new trial as a matter of law.”
The Trial Court denied the defendant’s motion for a new trial, allowed a motion filed by the plaintiff for costs in the sum of fifty dollars and a motion for entry of judgment, and filed a “Memorandum”. After reciting the fact of the filing of the motion for a new trial, the Memorandum was of the following tenor:
“One affidavit in support of said motion was also filed. (See affidavit on file).
After hearing the defendant’s motion for a new trial, the motion was denied by me.”
From the report we quote as follows:
“On the date set for hearing on the defendant’s motion for a new trial the defendant offered Dr. Perkins as a witness in support of his motion. The Court refused to hear the testimony of Dr. PerMns, who was the plaintiff’s attending physician and surgeon and *156 who testified at the original trial, and the defendant claimed á report from the 'Court’s refusal to hear such evidence as Dr. Perkins would give.”
There was no offer of proof except as such appears in the affidavit.
The defendant claiming to be aggrieved by the denial and refusal of the Court to hear the testimony of Dr. Perkins in support of his motion for a new trial, by the denial of his eighth requested ruling, 'by the denial of his motion for a new trial, by the allowance of the plaintiff’s motions for entry of judgment and for costs, the Trial Court rer ported the same to this tribunal for determination.
We first. consider the motion for a new trial.
The docket entries show:
“9/21/44 Defendant’s motion for a new trial filed— 10/9/44 Denied.
9/21/44 Affidavit of defendant filed.
9/29/44 Defendant’s application for hearing on motion for new trial filed.
10/ 7/44 Defendant’s request for report filed.
10/ 9/44 Defendant’s request for ruling on his motion for new trial filed.
10/13/44 Memorandum filed.”
We disregard this record and assume from the heretofore quoted report that the matters are properly before us.
The defendant maintains there can be no question that • the District Courts have power to grant a new trial at any time before final judgment for newly discovered evidence. This is correct. The defendant concedes that ordinarily the allowance or disallowance of a motion for a new trial rests within the sound discretion of the Trial Court but contends that a new trial should be granted if it appears that it is necessary to prevent a miscarriage of justice and quotes in extenso from the opinion in Davis v. Boston *157 Elevated Railway, 235 Mass. 482. He further quotes from, the opinion of the Supreme Judicial Court in the instant case as found in 1944 Massachusetts Advance Sheets at page 1319 and as follows:
“The exercise of discretion where discretion exists is not subject to appellate review on a report from a District Court or on exceptions. Only where a question ordinarily discretionary is so clear that discretion is superseded by imperative legal duty can the result be revised! ”
The defendant further stoutly maintains that the refusal of the Trial Court to hear Dr. Perkins, a witness for the plaintiff in the original trial, was prejudicial error and refers us to Union Trust Company v. Magenis, 266 Mass. 363. This was a case coming from a Probate Court where the judge did not decline to hear the motion for a new trial but entertained it, whatever that expression may mean. He considered affidavits filed in support of the motion and an oral statement made by counsel. In the midst of that statement, the Judge interrupted and declined to hear counsel further on testimony that he might produce “The Court having heard all it cared to hear in that direction”. In its opinion the Supreme Judicial Court held that the Trial Court having exercised its discretion to hear the motion, he was bound to hear it through, whether presented by affidavit, testimony or by oral statement of counsel as to expected proof.
While the record in the instant action leaves something to be desired in the matter of clarity, nevertheless we believe we are justified in holding that all the Trial Court did was to receive the motion for the new trial. It is obvious that he could not do less as otherwise he would not know to what his consideration had been invited. It appears clear to us that he had not as in the Union Trust *158 Company case proceeded to a hearing. He might have summarily declined to hear the motion and that would probably have been the proper course to pursue. It would appear that such was his intent. We hold that the instant action does not come within the decision in said Union Trust Company case.
It further clearly appears that the bases for the motion for a new trial was “newly discovered evidence”. However it is evident that the defendant had in mind not newly discovered evidence but evidence that the prognosis of the doctors given in the original trial had by lapse of time proved to be erroneous as to the severity of the injury suffered by the plaintiff and the probable length of his disability, and more particularly that there had been a union of a fractured tibia and fibula without further operation and a sufficient renewed strength to permit of the plaintiff’s returning to work earlier than the medical witnesses for him had believed possible.
It is clear that the courts cannot remain open after a case has been fairly and fully tried for reiterated motions f@r new trials on the ground that the opinion of witnesses honestly given during the trial and seemingly coming from intelligent persons was proving to be erroneous. Obviously and as a practical matter, when a case has been thus fairly tried, the courts cannot open their doors for a new trial under such circumstances. The situation would be entirely different if the proffered evidence was in reality newly discovered evidence.
It follows there was no error in the denial of the eighth requested ruling and in the allowance of the motion for the entry of judgment. As to the allowance of the motion for costs, it is provided in General Laws (Ter. Ed.), Chapter 261, section 25A as follows:
*159 “Except by order of court, no such allowance shall be made unless an affidavit by the prevailing party or his attorney of record is (filed with the clerk before final judgment. ’ ’
There would appear to be no prejudicial error in the allowance of the motion for such costs as the affidavit was not required, action being taken by the Court.