*Northern District*

No. 5229

**JOHN P. O'FARRELL**

v.

**MILTON H. DUBIN**

(December 12, 1958)

*Present*: *Gadsby, P. J., Eno and Brooks, JJ.*

Case tried to HARRINGTON, J., in the First District Court of Essex. Small Claims No. 5104.

*Eno, J.* This is a voluntary report of a small claim case so-called under Rule 16 of the Rules of the District Court for Small Claims Procedure, (1952), at the request of the defendant.

In this case neither party was represented by counsel. The plaintiff first told the Court that his car was damaged on the right side when the defendant attempted to pass him on the right side. The defendant declined the opportunity offered to cross examine the plaintiff. He then took the stand and started to testify when the Judge interrupted him and asked him if he was the same party who had

previously appeared before him in another motor tort case as a defendant. He admitted that he was. He resumed his testimony, which is not reported, when the Judge asked him if he had made a report of the accident to his insurer. The defendant replied that he had on the day of the accident, but the copy which he then produced showed that it was about eight days later.

Then the Judge told him that he "recalled very well his (defendant's) testimony in the previous case and was convinced then and now that his testimony was unreliable" and that he "did not wish to hear further from him."

It is the duty of a trial judge to hear all the material evidence any party to an action desires to offer, provided the same is admissible. After that is done he may disbelieve the whole or any part of his testimony. But to interrupt a party in the midst of his testimony and to tell him that because of what had happened in another case that "his testimony was unreliable" and that "he did not wish to hear further from him", is contrary "to fundamental principles of administration of justice." *Union Trust Co. v. Magenis,* 266 Mass. 363, 365.

In the case of *Preston v. Peck,* 271 Mass. 159, at pages 163, 164, the Court re-affirmed that principle and added that incident to the hearing all pertinent evidence, the magistrate should do so with "an open mind and not reach a final conclusion upon the issue until he had heard all evidence bearing upon it

which a party is prepared to offer and has a right to introduce."

The record discloses error on the part of the judge in the conduct of this trial in that he refused to hear all that was at hand to be offered. *Union Trust Co. v. Magenis,* 266 Mass. 363, 365.

The finding for the plaintiff is, therefore, to be vacated, and the case is remanded for a new trial.

Pro se for the plaintiff.
Philip Litman, for the defendant.