**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James E. WALLACE, Defendant-Appellant.**

**No. 19123.**

United States Court of Appeals Sixth Circuit.

Decided Nov. 26, 1969.

---

3. See fn. 1, supra.

James T. Dewan, Cincinnati, Ohio, for appellant.

Robert A. Steinberg, Cincinnati, Ohio (Roger J. Makley, U. S. Atty., Paul Brickner, Asst. U. S. Atty., Columbus, Ohio, on the brief), for appellee.

Before CELEBREZZE, PECK and COMBS, Circuit Judges.

PER CURIAM.

At the conclusion of the trial of this cause to the District Court sitting without a jury, the trial judge found the defendant postal employee guilty of having removed $3.00 in currency from a letter entrusted to him, in violation of 18 U.S.C. § 1709. At that time the trial judge stated that he would "defer the matter for sentencing pending receipt of a probation report."

When the case was recalled for sentencing nine weeks later, while no specific reference to a presentence report was made, a reading of the transcript of the sentencing proceedings indicates the Court's possession of such a report. After granting the defendant an opportunity to be heard personally, and following a statement in defendant's behalf by his attorney and a brief colloquy, the District Judge stated, "If Mr. Wallace had come in here and faced up to it and simply admitted to what in this Court's mind was proven to practically a mathematical certainty, that might be one thing. That in our judgment certainly would have been a probation situation." The Court then proceeded to impose a committed sentence.

While the Notice of Appeal to this court (which was prepared by the Clerk of the District Court at the trial judge's direction) states it to be from the "Judgment and sentence of conviction," there is in fact no issue presented concerning the conviction, defendant-appellant's complaint here being directed solely to the sentence. Based upon the statement of the trial judge above quoted, appellant states the question presented upon appeal to be, "Was appellant's failure to admit guilt and his decision to stand trial a proper basis for increasing the severity of the sentence following a finding of guilty upon trial?" Proceeding from the statement of the issue in this form, appellant argues that "the sentence of the Court in the instant case followed accused's decision to stand trial," and that such decision is analogous to that of an accused's exercise of his right to remain silent, which is protected by the Constitution. Griffin v. California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965).

It is not necessary to dwell upon the other bases for distinction between *Griffin* and the instant case because it is clear that appellant has proceeded from a false premise. This is not a case in which the trial judge penalized a de-

878

fendant for having declined to enter a plea of guilty, as is readily apparent from a study of the transcript, and particularly of the Court's comments at the termination of trial and at the sentencing proceedings. This is, rather, a case in which in spite of the judge's conclusion that the defendant's guilt had been proven "practically to a mathematical certainty," defendant appearing as a witness in his own behalf chose in detailed direct testimony and lengthy cross-examination to categorically deny every aspect of the charge. This is a far cry from the situation in which an accused stands upon his constitutional right to a fair trial or to remain silent. Without reaching a question not reached on this record, namely, may a sentencing judge consider whether a defendant has plead "Guilty" or "Not Guilty" in determining sentence, we hold that he may properly consider the fact that a defendant's sworn testimony is inconsistent with the court's finding (or the jury's verdict) of guilty. Indeed, in some such instances the conclusion that the defendant has committed perjury may be inescapable, a circumstance a sentencing judge might well be censored for ignoring.

We hereinabove referred to the fact that prior to the statement from the bench which is the basis of this appeal, a brief colloquy occurred. That colloquy included the following:

"THE COURT: * * * There have been some rather wild charges made here of—You may not know about this, Mr. Sullivan [defense counsel], but there have been in respect of conspiracy, charges have been leveled against the Postal authorities.

"MR. SULLIVAN: I know about this, yes.

"THE COURT: They have been leveled against other people * *."

While appellant reviews this colloquy in his brief, neither there nor in oral argument have specific contentions been presented in connection with it. On the contrary, in his reply brief appellant concedes that "the discretion of a trial judge with respect to sentence is considerable and * * * he may consider matters not in evidence." *See* Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337 (1949); Taylor v. United States, 179 F.2d 640 (9th Cir.), cert. denied, 339 U.S. 988, 70 S.Ct. 1010, 94 L.Ed. 1389 (1950). In this case in which trial counsel for the defendant clearly expressed his familiarity with a matter not in the record to which the Court made reference, and to the consideration of which trial counsel interposed no objection, we hold that no abuse of discretion on the part of the sentencing judge occurred.

Affirmed.