COMMONWEALTH *vs.* ALEXANDER CELESTE.

Suffolk. October 5, 1970. — December 7, 1970.

Present: SPALDING, CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Practice, Criminal,* New trial, Sentence, Assistance of counsel. *Constitutional Law,* Assistance of counsel.

There was no error in the denial of a motion for a new trial of an indictment grounded on the judge's consideration, after return of the verdict and upon a hearing as to imposition of sentence, of prior felony convictions of the defendant through pleas of guilty without assistance of counsel which were shown on the probation record but which had not been introduced at the trial. [309]

No violation of the constitutional right to assistance of counsel of the defendant in a criminal case appeared through the trial judge's consideration, in sentencing the defendant, of a probation record indicating two prior felony convictions upon pleas of guilty without assistance of counsel where this court concurred in a conclusion by the trial judge, upon a motion to revise or revoke sentence, that the sentence originally imposed was fair and reasonable on the probation record apart from such two prior convictions. [310]

FOUR INDICTMENTS found and returned in the Superior Court on October 27, 1966, and October 28, 1966.

Motions filed after the trial were heard by *Forte,* J.

*Thomas C. Troy* for the defendant.

*Robert Snider,* Assistant District Attorney, for the Commonwealth.

Commonwealth *v.* Celeste.

Spiegel, J.   The defendant was tried on indictments charging him with conducting a small loans business without being licensed, with being an accessory before the fact to maliciously threatening injury to a person with intent to extort, and with conspiracy.   The jury returned verdicts of guilty on each of the indictments and the court sentenced the defendant to not less than six nor more than twelve years in State prison in the accessory cases.[1]   The trial was held subject to G. L. c. 278, §§ 33A–33G, and the cases are here by appeal.

The defendant filed two assignments of error.   These relate to denials by the trial judge of the defendant's motions for a new trial and his motion to revise or revoke sentence.   These motions were based on the judge's alleged error in considering, on disposition, two prior felony convictions [2] shown in the probation record.   In those cases the defendant had pleaded guilty without assistance of counsel.

After the verdicts were announced at the trial of the instant cases in January of 1967, a hearing was held prior to the imposition of sentence.   The judge read the defendant's probation record, which contained notations of the two felony convictions, various other offences, infractions committed while in prison, his employment, educational history, military service, residences, family situation and physical and mental condition.   There was nothing in the probation record to show that the defendant had waived his right to counsel in the two earlier convictions.   On January 24, 1967, the judge sentenced the defendant.   The defendant did not request a review of the sentences by the Appellate Division of the Superior Court.   On March 22, 1967, the defendant filed the motions to revise or revoke sentence.   On September 26, 1969, he filed the motions for a new trial.   On October 9, 1969, a hearing was held on the

---

[1] Motions for a new trial were made in all the cases. Motions to revise or revoke sentence were made in the accessory cases.

[2] The probation record, among other items, shows the following: "Breaking & entering, and larceny, nighttime . . . 5/28/52, 2½–3½ yrs. State Pris." "Breaking & entering, and larceny, daytime . . . 6/9/52 — 2 yrs. max. St. Prison."

motions for a new trial, and they were denied. At the hearing the judge said, "I took into consideration the whole record. . . . Look, I am very frank to admit that if this had been the defendant's first offense, never had been in court before, never given anyone any trouble, he would have been treated much more lenient." The judge then stated, "I see no reason for a new trial on the merits. I will have to deny that." The judge heard but did not take any action at that time on the defendant's motions to revise or revoke sentence. On October 10, 1969, he denied them.

The defendant argues that his prior convictions (referred to in fn. 2) were obtained in violation of the rule later enunciated in *Gideon* v. *Wainwright,* 372 U. S. 335, so that the use of these convictions to enhance his punishment would be unconstitutional. He maintains that consequently he should be granted a new trial "or, in the alternative, that the judgment of sentence be revoked and the case remanded to the Superior Court for the redetermination of . . . [the] sentence."

The suggestion that the defendant be granted a new trial is utterly devoid of any merit. The record of the prior convictions was not introduced at the trial of the cases. It could have had no effect whatsoever on the verdicts. Consequently, there was no error in the denial of the motions for a new trial.

In regard to the defendant's contention that the sentences in the accessory cases should be revoked and redetermined, the defendant relies upon the case of *Burgett* v. *Texas,* 389 U. S. 109. In that case the Supreme Court of the United States said that "To permit a conviction obtained in violation of *Gideon* v. *Wainwright* to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case." *Id.* at 115. However, the Supreme Court was treating with a situation very different from the one at bar.

Where a judge is imposing sentence the situation is far different from that affecting a trial. After the conviction of a defendant, a judge may consider many factors which

Commonwealth *v.* Celeste.

would not be admissible as evidence in the trial of a case. The judge may consider hearsay, the defendant's behavior, family life, employment, and various other factors. There are no formal limitations on the contents of pre-sentence reports. *Gregg* v. *United States,* 394 U. S. 489, 492. The judge is permitted great latitude in sentencing, provided the sentence does not exceed statutory limits. *United States* v. *Latimer,* 415 F. 2d 1288 (6th Cir.).

In the cases at bar the elimination of the tainted convictions from the defendant's record could not obscure the fact that the defendant was not a novice in criminal activity. He had been convicted of numerous offences. His record included convictions on charges of larceny, breaking and entering, attempted breaking and entering, accosting and annoying a person of the opposite sex, possession of burglar's tools, receiving stolen property, and conspiracy.

It seems particularly meaningful that the judge did reconsider the defendant's sentences. After hearing the defendant's motions he took under advisement the motions to revise or revoke sentence. It is obvious that the judge, with full knowledge of the *Burgett* decision, concluded that the sentences originally imposed were fair and reasonable. The judge stated "[t]hat six to twelve in the light of this record, that is not very serious." Even without considering the two allegedly tainted convictions our review of the record impels us to the same conclusion.

*Judgments affirmed.*