Liston Alphonso **BERTRAND**,
Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 72-1077

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 26, 1972.

Stewart Graham, Jr., Atlanta, Ga. (Court-appointed), for petitioner-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Augusta, Ga., for respondent-appellee.

Before WISDOM, GODBOLD and RONEY, Circuit Judges.

PER CURIAM:

The petitioner pleaded guilty to auto theft and was sentenced to a five year term. In this action under 28 U.S.C. § 2255 the petitioner contends that: (1) he did not plead guilty voluntarily nor with an understanding of the nature of the charges against him; (2) his plea of guilty was based upon his threat of racial prejudice distorting any trial of his case; (3) he did not understand the charges against him; (4) the district court erred in not holding an evidentiary hearing. We hold that the judgment of conviction must be affirmed. Rule 21.[1]

The Court vacates the sentence, however, and remands the case to the district court for resentencing. The transcript shows that the trial judge pressed the petitioner to answer questions regarding a completely unrelated offense with which he was not charged.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.

The petitioner declined to answer, partly because it "would require a bit of explanation on the matter and I had rather refrain from doing it, if I may". It is apparent from the transcript of the sentencing hearing that the petitioner's lack of "cooperation" irked the trial judge and induced him to impose the maximum sentence for the crime, five years. The trial judge stated:

The Court: Well, what I am going to do—you weren't even cooperative with the Court this morning when I was trying to find out certain things, so I am going to give you five years.

The petitioner alleges that his record reflected no serious charges against him, and that he was promised a sentence of one to three years if he would plead guilty.

The effect of the trial judge's questioning was to impose an unconstitutional condition on the petitioner's Fifth Amendment rights: he could go into the details of the other offense (impersonating an officer) that might constitute a confession or he could exercise his right to be silent and receive a long sentence. This case is similar to Thomas v. United States, 5 Cir. 1966, 368 F.2d 941. In *Thomas* the sentencing court attempted to induce the defendant who pleaded not guilty to confess his guilt as a sign of repentance before the sentence was announced. This Court vacated the sentence and remanded the case for a new sentencing hearing. We stated:

When Thomas received a harsher punishment than the court would have decreed had he waived his Fifth Amendment rights, he paid a judicially imposed penalty for exercising his constitutionally guaranteed rights. Upon that ground alone . . . his sentence is "subject to collateral attack,"

and (we) have *little* doubt as to the authority and duty of the district court to vacate the sentence.
368 F.2d at 946.

The Government attempts to distinguish *Thomas*, citing United States v. Vermeulen, 2 Cir. 1970, 436 F.2d 72, on the ground that in the instant case the sentencing Court, as in *Vermeulen*, was not seeking penitence for possible crimes not charged against the defendant. But that is not the point in *Thomas* or in this case. The point is that in *Thomas*, as in this case, the trial judge put the defendant in a hopeless dilemma: he could waive his Fifth Amendment rights or pay the costly penalty of receiving a long or maximum sentence when he had reason to expect a lighter sentence. In *Vermeulen* the court held that "the sentencing Court did not impose a 'price tag' on the appellant's constitutional privilege to remain silent". Instead, "The Court was engaged in an inquiry as to whether appellant wished to cooperate with the public authorities by giving information apparently regarding *others* involved in illegal international narcotics traffics". (Original emphasis) That is quite different from the situation this case presents.

■ Under 28 U.S.C. § 2255 the court is not limited to constitutional or statutory violations. Section 2255 "includes the more general phrase 'or is otherwise subject to collateral attack,' the boundaries of which have not been defined, save, of course, that 'mere error' is not enough". Kyle v. United States, 1961, 297 F.2d 507, 511. See also Thomas, 360 F.2d at 946.

The sentence is vacated and the case remanded to the district court for further proceedings consistent with this opinion.