COMMONWEALTH *vs.* CLEMIS FRANKS, JR. April 28, 1977. For the third time the defendant has been sentenced to imprisonment for not less than forty nor more than fifty years for the same "statutory rape" in violation of G. L. c. 265, § 23. Twice we set the sentence aside. *Commonwealth* v. *Franks,* 365 Mass. 74 (1974). *Commonwealth* v. *Franks,* 369 Mass. 608 (1976). The judge who imposed the third sentence, now

---

before us, wrote a memorandum on disposition, making it clear that he was sentencing the defendant for statutory rape, not forcible rape, and that he took into account both a prior conviction for rape of a female child and seven untried indictments for sex-related offenses. He also made it clear that he did not pass on guilt or innocence on the untried charges, and that he was not imposing punishment for those charges. The resulting sentence is within statutory limits, and there is no basis in the record for apprehension of "vindictiveness" or "retaliatory motivation" in violation of the principles laid down in *North Carolina* v. *Pearce,* 395 U.S. 711, 723-726 (1969). Contrary to the defendant's contention, "the existence of pending criminal charges may be disclosed to the sentencing judge and considered by him." *Commonwealth* v. *Le-Blanc,* 370 Mass. 217, 224 (1976). See *United States* v. *Metz,* 470 F.2d 1140, 1142 (3d Cir. 1972), cert. denied, 411 U.S. 919 (1973). We therefore affirm the judgment. But the defendant is allowed sixty days from the entry of this rescript in which to file a motion in the Appellate Division of the Superior Court for a late appeal of his sentence. That motion, if filed, may be allowed in the discretion of the judges of the Appellate Division. *Commonwealth* v. *Morrow,* 363 Mass. 601, 612 (1973).

*So ordered.*

*Albert L. Hutton, Jr.,* for the defendant.
*Kathleen M. Curry,* Assistant District Attorney, for the Commonwealth.