COMMONWEALTH *vs.* HAYWARD L. COLEMAN. January 14, 1983. After the defendant was convicted at a bench trial of rape, assault with a dangerous weapon, and kidnapping, the trial judge said during sentencing proceedings: "I made my findings the minute that woman [the complaining witness] took the stand and she turned to me, at some question I asked her, and I got a look at her full view, and I looked at her face and I saw openness and honesty and shock that she is here and shock that she had to be subjected to the kind of story that he [the defendant] chose to tell."

Fixing on those ill-advised remarks, the defendant argues on appeal that the judge had reached a conclusion of guilt before the defense had presented any evidence and that the trial is fatally marred by the appearance of injustice. Upon analysis, however, the judge's remarks incorporate his reflections not only on the victim's credibility, but also on the incredibility of the defendant's account (he took the stand) of his encounter with the victim. Character, appearance, demeanor, frankness, and the

reasonableness of testimony are all proper considerations for the trier of fact. See *Matsushita Elec. Corp. of America* v. *Sonus Corp.*, 362 Mass. 246, 254 (1972); *C.C.&T. Constr. Co.* v. *Coleman Bros.*, 8 Mass. App. Ct. 133, 135 (1979).

Any concern that there may have been a miscarriage of justice was dispelled by the defendant's virtual confession at sentencing ("I am sorry some of the things I said wasn't true and her story was basically true, some of the things she said. I never done anything like that before in my life"). Although an inquiry whether the defendant was in fact guilty would have been improper, *LeBlanc* v. *United States*, 391 F.2d 916, 917-918 (1st Cir. 1968), the judge made no such inquiry. Rather, he gave the defendant and his attorney an opportunity to confer and recommend an alternative disposition to that proposed by the prosecutor.

It was injudicious for the trial judge to express outrage that defense counsel had subjected the victim to vigorous cross-examination. See *Douglas* v. *Alabama*, 380 U.S. 415, 419 (1965) (right of cross-examination secured to a criminal defendant by Constitution); *Bordenkircher* v. *Hayes*, 434 U.S. 357, 363, (1978); *Letters* v. *Commonwealth*, 346 Mass. 403, 405 (1963); *Longval* v. *Meachum*, 651 F.2d 818, 820 (1st Cir. 1981), vacated, 458 U.S. 1102 (1982), aff'd on rehearing, 693 F.2d 236 (1st Cir. 1982) (it is a due process violation to punish a defendant for exercising rights). His comments were mitigated, however, by an acknowledgement that defense counsel was doing his duty.

Notwithstanding some regrettable comments throughout the sentencing proceedings, the judge, in imposing sentence considered only appropriate factors such as defendant's prior history and the seriousness of the crime. The sentence was well within the statutory limits. Under *Commonwealth* v. *Franks*, 372 Mass. 866 (1977), there is no basis to disturb the judgment. We note that the Appellate Division of the Superior Court, to which the defendant appealed his sentence, did not alter the sentence.

*Judgments affirmed.*

*Robert L. Sheketoff* for the defendant.
*John P. Corbett,* Assistant District Attorney, for the Commonwealth.