COMMONWEALTH vs. HAYWARD L. COLEMAN.

Plymouth. October 4, 1983. — January 23, 1984.

Present: HENNESSEY, C.J., WILKINS, LIACOS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Judge. Practice, Criminal,* Comment by judge, Sentence.

The record of a jury-waived criminal trial showed no substantial risk of a miscarriage of justice as to the entry of a finding of guilty despite certain ill-advised remarks by the trial judge during the sentencing hearing that he had made his findings as soon as the victim took the stand. [801-803]

On the basis of State law and as a matter of public policy under its general superintendence powers, this court concluded that it was improper for a trial judge in sentencing a criminal defendant to take into consideration the judge's belief that the defendant had committed perjury during the trial. [803-810] NOLAN, J., with whom LYNCH, J., joins, dissenting.

INDICTMENTS found and returned in the Superior Court Department on January 28, 1981.

The cases were heard by *Keating, J.*

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Robert L. Sheketoff* for the defendant.

*John P. Corbett,* Assistant District Attorney, for the Commonwealth.

LIACOS, J. Following a bench trial, the defendant, Hayward L. Coleman, was found guilty on September 23, 1981, by a judge in the Superior Court of aggravated rape, kidnapping, and assault and battery by means of a dangerous weapon. The judge sentenced the defendant to the Massachusetts Correctional Institution at Walpole (M.C.I., Walpole), imposing concurrent terms of from twelve to twenty years for the rape, and from nine to ten years for each of the other two convictions. The defendant appealed his sen-

tences to the Appellate Division of the Superior Court, which did not alter the penalties. The defendant appealed his convictions to the Appeals Court, which affirmed the judgments. *Commonwealth* v. *Coleman,* 15 Mass. App. Ct. 922, 923 (1983). We then granted the defendant's application for further appellate review.

The defendant contends that his convictions should be reversed and the case remanded for a new trial. He argues that the trial judge erred by deciding the issue of the defendant's guilt before he had heard all of the evidence and the closing arguments in the case. The defendant also claims that the judge improperly considered the defendant's perjury on the witness stand in determining the sentence to impose for the convictions.[1] He thus seeks a new trial, or, in the alternative, that the sentences imposed be vacated and the case remanded to a different judge for resentencing.

We conclude that, even if we assume that the judge decided the issue of the defendant's guilt before hearing all of the evidence presented in the case, given the overwhelming evidence offered against the defendant and the defendant's admission of guilt,[2] the judge's error, if any, does not create a substantial risk of a miscarriage of justice. We therefore affirm the convictions.

We conclude, however, that the judge improperly considered the defendant's perjured testimony in deciding the penalties to impose for the felony convictions. Accordingly, we vacate the sentences imposed on the defendant and remand the case for resentencing.

---

[1] The Appeals Court decided that the judge did not prejudge the defendant's guilt but properly considered the credibility of the testimony of both the defendant and the victim. The court further concluded that no risk of a miscarriage of justice occurred as a result of the judge's "ill-advised remarks," since the defendant ultimately admitted his guilt. Finally, the Appeals Court determined that the judge considered only appropriate factors in imposing sentence. 15 Mass. App. Ct. 922, 922-923 (1983).

[2] The judge questioned the defendant during the disposition hearing concerning the veracity of his testimony. Although the defendant first maintained his innocence, he later admitted that the victim's account was essentially true and that he had fabricated his testimony.

We briefly state the evidence. On January 3, 1981, the victim, a twenty-five year old married mother of three children, was in her automobile alone at the parking lot of a shopping mall in Brockton. The defendant entered her automobile on the driver's side and threatened her with a knife. He then drove off with her. They were in the vehicle for about three hours. During this time the defendant forced the victim to perform fellatio several times. After he left the automobile, the victim called the police, who developed a composite of the defendant from her description. The composite was shown on a Boston television station's news broadcast. The defendant observed the showing and fled the Commonwealth. He eventually was apprehended in another State. After indictment and arraignment, the defendant waived a jury trial and was tried before a judge in the Superior Court in Plymouth County.

During the trial, the defendant testified that the victim voluntarily drove the defendant around in her automobile. He said she performed oral sex voluntarily. The defendant stated that the woman volunteered to drive him home and waited in her automobile for the defendant while he stopped at a friend's house. The judge then questioned the defendant:

THE JUDGE: "So you hold the lady that is kind enough to drive you up there and you want [sic] the last two miles, and she waits fifteen minutes while you make phone calls to friends? You want me to understand that?"

THE DEFENDANT: "Your Honor, she volunteered."

THE JUDGE: "Oh, I see. You told her, in other words, you told her to go home and she said I'd rather stay?"

THE DEFENDANT: "I told her I had to go up and make a few calls . . . and she said okay."

At the close of the case, the judge proceeded to evaluate the credibility of both the defendant and the victim before he rendered his verdict. He stated that he was "offended" by the defendant's "attempt to kid" him by his account of the incident. He also noted the absence of any corroborating evidence of this "false, foolish story." Concerning the

victim, the judge said that he wanted "to make it clear I find that lady absolutely convincing without guile, truthful, direct, an honest woman."

After the judge announced that he found the defendant guilty of all charges, he asked to hear from the probation officer and from defense counsel on disposition. During a colloquy with defense counsel concerning the defendant's character, the judge interrupted the attorney and stated, "I made my findings the minute that woman took the stand and she turned to me, at some question I asked her, and I got a look at her full view, and I looked at her face and I saw openness and honesty and shock that she is here and shock that she had to be subjected to the kind of story that he chose to tell."

The judge then asked the prosecutor for his recommendation on the charges and sought guidelines on the sentences. The Commonwealth recommended a term of from twelve to twenty years on the rape charge, to be served at M.C.I., Walpole, and from nine to ten years on the other charges, to be served concurrently. The judge asked the defendant if he wished to say anything. When the defendant claimed that he was innocent, the judge proceeded to cross-examine him on the veracity of his testimony.[3] Eventually, the de-

---

[3] The colloquy between the judge and the defendant ensued as follows:
THE DEFENDANT: "Your Honor, I didn't force that young lady to do anything."
THE JUDGE: "That's all?"
THE DEFENDANT: "I'm sorry, Your Honor, but I —"
THE JUDGE: "(Interrupting) Sorry for what, taking a ride? Why did you go to Georgia? Obvious consciousness of guilt. Tell me why, now, excluding the technical rules of evidence that might have hide-bound your lawyer a bit, why did you take off to Georgia when you heard you were wanted?"
THE DEFENDANT: "I was scared."
THE JUDGE: "No, after all, you have only had a woman who said to you, hey, I'll drive you, I got nothing to do but meanwhile, she's the mother of three kids at home, says to you, I got nothing to do, I'll drive you up there. You want me to believe she said to you she goes to the Blue Moon two nights a week? You want me to believe that?"
THE DEFENDANT: "No, Your Honor."
THE JUDGE: "No. So that is not true."

fendant began to admit that he had fabricated his account, at which point the judge called a recess and instructed the defendant to discuss a reasonable alternative sentence with his lawyer. Concerning the sentence for the rape conviction, the judge said that he was "thinking fifteen to twenty right about now."

Following the recess, the defendant admitted that he had testified falsely. Although he recognized that the defense counsel was only doing his job, the judge reiterated his "outrage" over the victim's being subjected to vigorous cross-examination and to her character being impugned. The judge accepted the Commonwealth's recommendations of from twelve to twenty years at M.C.I., Walpole, on the rape conviction, and from nine to ten years, concurrently, on each of the other convictions.

1. *Prejudging the defendant's case.* The defendant's first claim of error is that the judge determined the defendant's guilt before he heard all the evidence in the case and the closing arguments. In essence, his contention is based on the judge's statement during the sentencing hearing that he had "made [his] findings [in the case] the minute that woman [the victim] took the stand," and he saw "honesty and shock that she is here and . . . that she had to be subjected to the kind of story that he chose to tell." The Commonwealth claims that such remarks made by the judge indicated only the factors that he considered in assessing the credibility of the defendant and the victim, and that the record, taken as a whole, does not support the defendant's claim. We note that the defendant failed to object to the judge's remarks at trial or to move for a new trial under Mass. R. Crim. P. 30 (b), 378 Mass. 900 (1979). In these circumstances, this court will correct an error to which no objection has been made at trial only where it is necessary to prevent a "substantial risk of a miscarriage of justice."

THE DEFENDANT: "No, your Honor."
THE JUDGE: "Why did you say that, then? Weren't you up here to tell every bit of truth?"
THE DEFENDANT: "Yes, Your Honor."

*Commonwealth* v. *Freeman,* 352 Mass. 556, 564 (1967). While we agree with the Appeals Court that the remarks of the trial judge were "ill-advised," 15 Mass. App. Ct. at 922, we need not determine whether the judge committed error. It is sufficient to conclude that, even if we assume the judge to have committed error, the record shows no substantial risk of a miscarriage of justice as to the entry of a finding of guilt.

As the Appeals Court noted, the trier of fact properly may consider the "[c]haracter, appearance, demeanor, frankness, and the reasonableness of testimony" of witnesses and parties, in determining their credibility. 15 Mass. App. Ct. at 922-923. We have also held that "an earlier expression of opinion as to a matter to be decided does not disqualify a judge or indicate want of competency to hear fairly and decide impartially all issues." *Commonwealth* v. *Clark,* 379 Mass. 623, 631 (1980), quoting *King* v. *Grace,* 293 Mass. 244, 247 (1936).[4]

By contrast, when a judge decides an issue in a case before listening to all the relevant evidence which a party presents, we have reversed the decision of the judge. *Preston* v. *Peck,* 271 Mass. 159, 163-164 (1930). We stated in *Preston* that a judge's duty to "hear all competent evidence requires as a necessary incident of that duty that he shall hear the evidence with an open mind and not reach a final conclusion upon the issue until he has heard all evidence bearing upon it which a party is prepared to offer and has a right to introduce." *Id.* Cf. *Union Trust Co.* v. *Magenis,* 266 Mass. 363, 365 (1929) (where Probate Court judge agreed to hear motion for rehearing of motion to frame jury issues, he must afford parties full hearing and not terminate

---

[4] In *Commonwealth* v. *Clark, supra* at 630-631, this court concluded that a trial judge did not prejudge a case by commenting at the beginning of a hearing on the seriousness of the charges facing a juvenile defendant, which could warrant treating him as an adult. See *Dittemore* v. *Dickey,* 249 Mass. 95, 99-100 (1924) (master did not prejudge case merely because in another related case he made findings on a factual issue adverse to claims of present defendant).

session during oral argument of counsel). The judge commented that he had made his findings when the victim took the stand, which was before all the evidence was in, and before the defendant had testified. On the other hand, he did not preclude the introduction of other evidence and took the defendant's evidence, including the testimony of the defendant. Although we think the judge's remark to have been highly inappropriate, we cannot say that his conduct clearly deprived the defendant of a fair trial.

But, even if we assume that the judge erred, this assumption does not require us to reverse the convictions against the defendant. The evidence in the case overwhelmingly supports the conclusion that the defendant was guilty beyond a reasonable doubt. The victim testified exhaustively concerning the incident. In support of his consent defense, the defendant described encounters with certain individuals during the night in issue, yet he presented no witnesses or other evidence to corroborate his defense. Furthermore, the defendant ultimately admitted that the victim's account of the incident was essentially true. Thus, any error on the part of the judge did not result in a substantial risk of a miscarriage of justice which necessitates a reversal of the conviction. See *Commonwealth* v. *Franks*, 365 Mass. 74, 76 (1974) (*Franks I*); *Commonwealth* v. *Freeman, supra.*

2. *Improper sentencing procedure.* We now consider the defendant's second allegation, that the judge erred by considering the defendant's perjury while testifying in deciding the penalty to impose for the rape conviction.[5] The judge's cross-examination of the defendant during his disposition hearing, the defendant further contends, resulted in a coerced admission that he had lied while testifying.[6] Since

---

[5] The defendant first raises this issue on appeal. He has made no motion to revise or correct his sentence before the sentencing judge. See Mass. R. Crim. P. 29 (a), 378 Mass. 899 (1979). Thus, we review the sentencing proceedings to determine if they resulted in a substantial risk of a miscarriage of justice. *Franks I, supra* at 82. *Commonwealth* v. *Freeman, supra.*

[6] We need not decide, in this case, whether the admission was coerced by the judge for the reason, as we set forth, that a judge should not consider a defendant's perjury at trial in the disposition of other convictions.

the judge took note of the defendant's perjury in deciding the sentence to impose for the substantive offenses, the defendant also claims that he was punished for exercising his right to a trial in violation of art. 12 of the Massachusetts Declaration of Rights.[7] The Commonwealth maintains that there is no support in the transcript for the defendant's contention. During the disposition hearing, the Commonwealth claims that the judge properly invited the defendant to speak and present evidence in support of mitigating the sentence. See Mass. R. Crim. P. 28 (b), 378 Mass. 898 (1979). The Commonwealth argues that the judge never expressly referred to the defendant's perjury as the reason for his acceptance of the prosecutor's recommended sentence.

We recognize that it is not within the power of this court to review an otherwise lawful sentence. This authority is delegated to the Appellate Division of the Superior Court under G. L. c. 278, §§ 28A-28C, as amended through St. 1978, c. 478, § 306. However, this court may review the penalty imposed upon a defendant who has been sentenced for a crime other than that for which he stands convicted. *Franks I, supra* at 81. *Commonwealth* v. *Novicki,* 324 Mass. 461, 467 (1949). This court has also held that a judge's belief in the guilt of a defendant "to another potential or pending charge should play no part in the sentencing process," and has vacated a sentence improperly imposed. *Commonwealth* v. *Sitko,* 372 Mass. 305, 313 (1977).

We recognize that both the Appellate Division of the Superior Court and the Appeals Court affirmed the sentence

---

[7] See Massachusetts Declaration of Rights, art. 12 (accused has right to trial and to testify in own defense). Cf. *Longval* v. *Meachum,* 651 F.2d 818, 821 (1st Cir. 1981) (judge's threat of harsher sentence if defendant does not plead guilty constitutes appearance of vindictiveness warranting resentencing); *Letters* v. *Commonwealth,* 346 Mass. 403, 405 (1963) (judge cannot induce guilty plea by threatening heavier punishment for exercising right to trial). See also, *Commonwealth* v. *Joseph,* 11 Mass. App. Ct. 879, 881 (1981) (a judge may not impose more severe sentence on defendant to punish him for exercising right to trial, but no such action by the sentencing judge shown).

rendered by the judge. See *Commonwealth* v. *Coleman*, 15 Mass. App. Ct. 922, 923 (1983). Specifically, the Appeals Court found that the judge, in determining the sentence, "considered only appropriate factors such as defendant's prior history and the seriousness of the crime." *Id.* After evaluating the judge's conduct in light of the applicable Massachusetts common law, we must disagree with this conclusion.

In addition to considering the nature of the offense and the circumstances surrounding the commission of the crime, a trial judge properly may consider a variety of factors in imposing a sentence, many of which are inadmissible at trial. *Williams* v. *New York*, 337 U.S. 241, 246-247 (1949). Hearsay evidence of the defendant's character, family life, and employment situation may be evaluated. See *id.* at 250-251; *Commonwealth* v. *Celeste*, 358 Mass. 307, 309-310 (1970). A trial judge also may consider indictments or evidence of similar or recurrent criminal conduct if it is relevant in assessing the defendant's character and propensity for rehabilitation. See *Commonwealth* v. *Franks*, 372 Mass. 866, 867 (1977) (*Franks II*); *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 224 (1976). Although such information may be helpful to judges in the sentencing determination process, they cannot impose punishment for untried criminal offenses. *Franks II, supra. Commonwealth* v. *LeBlanc, supra* at 223. Accord *Commonwealth* v. *Settipane*, 5 Mass. App. Ct. 648, 653-654 (1977). See also *Commonwealth* v. *Sitko, supra.*[8]

In *Commonwealth* v. *Murray*, 4 Mass. App. Ct. 493, 496-497 (1976), the trial judge had stated, during the sentencing hearing, that the penalty to be imposed for an unarmed robbery conviction was based in part on the defend-

---

[8] In *Commonwealth* v. *Sitko, supra*, we concluded that a trial judge may have prejudiced a defendant's rights by considering, in revising the penalty for the substantive crime, the defendant's failure to appear to commence service of his sentence, a separate offense under G. L. c. 276, § 82A.

ant's perjury on the witness stand.[9]  Although the judge imposed a statutorily permissible term which was recommended by the prosecutor, the Appeals Court vacated the sentence.  The *Murray* court concluded that a trial judge may not consider a defendant's alleged perjury on the witness stand in determining the punishment to impose for a criminal conviction.

Subsequent to the decision in *Murray*, the United States Supreme Court upheld the constitutionality of a trial judge's imposing a sentence and assessing a defendant's lack of veracity while testifying.  *United States* v. *Grayson*, 438 U.S. 41, 55 (1978).  The Commonwealth contends that *Murray* is "effectively overrule[d]" by *Grayson* in that the *Murray* opinion was based on Federal case law.  In *Grayson*, the judge stated that he considered the fact that the defendant had lied on the witness stand in determining the sentence to impose for the crime of escaping from a Federal prison.  *Id.* at 44.[10]  Resolving a conflict among the United States Circuit Courts of Appeals,[11] the *Grayson* Court held

---

[9] Although the judge said that he was not punishing the defendant for trying his case, he was "punishing him for coming up here and lying and for his whole attitude."  4 Mass. App. Ct. at 495.  The judge in *Murray* was the same judge who presided here and in *Commonwealth* v. *Souza, post* 813 (1984) (*Souza II*).

[10] Grayson had testified that he escaped from prison because he feared for his safety after receiving threats from other inmates.  *Grayson, supra* at 42.  In the sentencing hearing the judge said that in his view the defense presented was "'*a complete fabrication without the slightest merit . . . . I feel it is proper for me to consider that fact in the sentencing, and I will do so.*' (Emphasis added.)"  *Id.* at 44.

[11] Prior to the *Grayson* case, a majority of the United States Circuit Courts of Appeals held that a sentencing judge may consider the defendant's alleged perjury while testifying in imposing a penalty for a substantive crime.  See *United States* v. *Nunn*, 525 F.2d 958 (5th Cir. 1976); *United States* v. *Hendrix*, 505 F.2d 1233, 1236 (2d Cir. 1974), cert. denied, 423 U.S. 897 (1975); *United States* v. *Moore*, 484 F.2d 1284, 1287 (4th Cir. 1973); *United States* v. *Cluchette*, 465 F.2d 749, 754 (9th Cir. 1972); *United States* v. *Wallace*, 418 F.2d 876, 878 (6th Cir. 1969), cert. denied, 397 U.S. 955 (1970).

Other Circuit Courts held, in accordance with the Massachusetts viewpoint, that a defendant's lack of veracity while testifying may not enter

that such conduct by a trial judge neither violated due process principles nor burdened the right of a defendant to testify truthfully. *Id.* at 52-55. The Court concluded that a judge properly may determine whether a defendant's testimony contains "willful and material falsehoods" and may consider such a finding probative of the defendant's character and chances for rehabilitation without violating the Federal Constitution. *Grayson, supra* at 54-55.[12]

As matter of our State common law, we agree with the principles stated by the Appeals Court in *Commonwealth* v. *Murray, supra,* which were reaffirmed by that court in *Commonwealth* v. *Souza,* 15 Mass. App. Ct. 740 (1983) (*Souza I*).[13] In a factual scenario similar to that presented in *Murray,* the Appeals Court, considering again the actions of the same trial judge, followed the analysis in its earlier decision which comported with the reasoning of the dis-

---

into the judge's process of determining the severity of a sentence for the substantive crime. See *Poteet* v. *Fauver,* 517 F.2d 393, 395 (3d Cir. 1975).

[12] Although we cited *United States* v. *Grayson* in a previous case, we did not decide the issue that is presently before this court. In *Katz* v. *Commonwealth,* 379 Mass. 305 (1979), we concluded that a judge properly could consider the continuing false statements asserted by a landlord in deciding the sanction to impose for criminal contempt. *Id.* at 317. The landlord had given false testimony after the falsity of the subject matter had been previously discovered in an answer to an interrogatory which served as the basis for the contempt conviction. In dictum, we noted that *Grayson* permitted the trial judge to consider the perjury in deciding the wilfulness of the contempt and the sanction to impose. The landlord's perjury was based on his answer to an interrogatory the material falsity of which already had been established beyond a reasonable doubt by the judge in a show cause hearing. *Id.* at 309, 317.

[13] We have upheld the position of the Appeals Court on this point today. See *Souza II, supra* at 816-818. Other States have determined that judges cannot enhance a defendant's sentence based solely on a belief that the accused committed perjury at the trial. See *Strachan* v. *State,* 615 P.2d 611, 613-614 (Alaska 1980); *People* v. *Wilson,* 43 Colo. App. 68, 71 (1979); *State* v. *Smith,* 407 So. 2d 652, 657 (La. 1981). But see *Coleman* v. *State,* 621 P.2d 869, 883 (Alaska 1980), cert. denied, 454 U.S. 1090 (1981) (judge may consider perjury as probative of potential for rehabilitation but not to enhance sentence for underlying offense); *People* v. *Meeks,* 81 Ill. 2d 524, 536 (1980) (same).

senters in *Grayson. Souza I, supra* at 746. See *United States* v. *Grayson, supra* at 56 (Stewart, J., dissenting). In our view, a judge who determines a sentence, based in part on a defendant's alleged perjury during trial, impermissibly burdens that individual's right to plead not guilty and to testify. See *Souza I, supra* at 745, citing *United States* v. *Grayson, supra* at 58 (Stewart, J., dissenting). Furthermore, a prospective defendant's inclination to testify may be "chill[ed]" due to a trial judge's imposition of a harsher penalty if he or she disbelieves the defense. *Commonwealth* v. *Murray, supra* at 496-497. We conclude, on the basis of our State law and, under our general superintendence powers, as a matter of public policy, that a summary and unreviewable finding of perjury by a trial judge denies a defendant a fair and impartial determination of an appropriate sentence. Cf. art. 30 of the Massachusetts Declaration of Rights. Perjury, when proved after indictment and trial, is subject to appropriate punishment under our General Laws.[14] G. L. c. 268, § 1.

There is further support of the position we take today. III ABA Standards for Criminal Justice, standards 18-3.2 and 18-6.9 (2d ed. Supp. 1982). They provide in part: "The offender's predicted likelihood of recidivism is too speculative a concept to be considered at sentencing, unless based on present or past instances of verified criminal conduct whose occurrence is determined as set forth in standards 18-6.4 or

---

[14] We also find unpersuasive the *Grayson* Court's conclusion that a defendant's perjury is indicative of a poorer prospect for rehabilitation. See *Grayson, supra* at 52, 55. The reasoning of the Circuit Court of Appeals for the District of Columbia in *Scott* v. *United States*, 419 F.2d 264 (D.C. Cir. 1969), expresses the more realistic viewpoint: "[T]he peculiar pressures placed upon a defendant threatened with jail and the stigma of conviction make his willingness to deny the crime an unpromising test of his prospects for rehabilitation if guilty. It is indeed unlikely that many men who commit serious offenses would balk on principle from lying in their own defense. The guilty man may quite sincerely repent his crime but yet, driven by the urge to remain free, may protest his innocence in a court of law. This realization, indeed, unquestionably accounts for the extreme infrequency with which convicted criminals are in fact prosecuted for perjury committed at their trials." *Id.* at 269.

18-6.5." Standard 18-3.2(a)(vi). "Although the sentencing court may appropriately take into consideration the defendant's admission of guilt . . . in some circumstances, it is inappropriate for the court to take the initiative in seeking to obtain such a confession . . . . Similarly, although it is desirable that the sentencing court request the parties and the probation officer to provide it with additional information where the sentencing record appears incomplete or potentially inaccurate, *the court should not undertake its own investigation absent extraordinary circumstances or otherwise consider allegations of misconduct by the defendant not present in the sentencing record*" (emphasis added). Standard 18-6.9.

The latter standard is derived from case law which is analogous to the situation where a trial judge considers a defendant's alleged perjury in imposing a penalty. The ABA Standards have noted, with approval, decisions of the Court of Appeals for the Fifth Circuit which have vacated a sentence where a trial judge, before imposing a penalty, requested a defendant to acknowledge his guilt and avoid a harsher punishment. See *Bertrand* v. *United States*, 467 F.2d 901, 902 (5th Cir. 1972); *Thomas* v. *United States*, 368 F.2d 941, 946 (5th Cir. 1966). Because the role of the sentencing court is, by nature, "judgmental," the standards prescribe that a judge "must maintain a stance of scrupulous impartiality and not permit [himself or herself] to become identified with the interests of either the prosecutor or the defense counsel." Commentary, III ABA Standards for Criminal Justice, Sentencing Alternatives and Procedures, standard 18-6.9, at 496. Following this standard, the sentencing judge should not seek personally to obtain sentencing information but should rely on the parties, the probation department, and other social service agencies.

Before imposing sentence, the judge in the present matter repeatedly expressed his disbelief in the defendant's testimony. During the closing arguments by the prosecutor and at the disposition hearing, he cross-examined the defendant regarding his version of the incident. We do not construe

the defendant's lack of veracity as relevant to recidivistic tendencies or to an assessment of his character as a sexually dangerous individual. See *Scott* v. *United States,* 419 F.2d 264, 269 (D.C. Cir. 1969); *Franks II,* 372 Mass. 866, 867 (1977); *Commonwealth* v. *LeBlanc,* 370 Mass. 217, 224 (1976). That the judge was affected by the defendant's false testimony is all too clear from the transcript of the sentencing hearing. The judge stated that he was offended by the defendant's attempt to "kid" him with his testimony. He cross-examined the defendant regarding his version of the incident, increasing his ire at the defendant's "[o]utrageous conduct" while the defendant maintained his innocence. Subsequently, the judge told defendant's counsel that he was considering an increase in the prosecutor's recommended sentence of from twelve to twenty years for the rape conviction, favoring a sentence of from fifteen to twenty years. It is true that the judge ultimately imposed the prosecutor's recommended term of from twelve to twenty years. This action, however, does not vitiate the judge's improper consideration of the defendant's perjury in making his determination on the sentences. The judge's cross-examination induced the defendant to admit to perjury, an offense for which he was never formally charged. By considering the admitted perjury in deciding the sentence to impose for the convictions, the judge effectively punished this defendant for an offense, without the procedural safeguards of an indictment and trial. Permitting judges to consider what they perceive to be a defendant's prevarication in imposing sentences may unduly burden the rights of future defendants to plead not guilty and to testify. Because the judge, in fixing the sentences, considered the defendant's perjury at the trial, his conduct creates a substantial risk of a miscarriage of justice.

We therefore vacate the sentences imposed upon the defendant and remand the case for resentencing before a different judge of the Superior Court.[15]

*So ordered.*

---

[15] We think it appropriate to take the unusual step of requiring a different judge to resentence the defendant for two reasons. First, such

NOLAN, J. (dissenting, with whom Lynch, J., joins). I dissent. The court today has held that a trial judge may not consider perjury committed by a defendant, who has elected to take the witness stand, as a factor in his sentencing. The result is disturbing. Every jurisdiction which has considered the issue (there are twelve) holds to the contrary, i.e., a trial judge *may* consider a defendant's perjury, among other things, as a factor in assessing his character and disposition for rehabilitation.[1]

The court asserts that the judge should not have considered the perjury of the defendant "without the procedural safeguards of an indictment and trial." *Supra* at 810. However, the court concedes that the sentencing judge may consider hearsay evidence of the defendant's "character, family life, and employment situation," and "indictments or evidence of similar or recurrent criminal conduct if it is relevant in assessing the defendant's character and propensity for rehabilitation." *Supra* at 805. It seems to me that these factors are hardly more reliable as indices of the defendant's prospects for rehabilitation than his commission of perjury in the judge's presence. See *Grayson* v. *United States,* 438 U.S. 41, 52 (1978). Further, a sentencing judge may consider the evidence presented at trial and the demeanor of the defendant at trial.

---

a step will serve the interests of promoting the appearance that justice will be administered impartially, based solely on relevant criteria of sentencing. Second, we note that this judge persisted in the same conduct in this case and in *Souza II, post* 813 (1984), despite our case law to the contrary and despite the fact that he was the judge in *Commonwealth* v. *Murray,* 4 Mass. App. Ct. 493 (1976).

[1] *Coleman* v. *State,* 621 P.2d 869, 883 (Alaska 1980), cert. denied, 454 U.S. 1090 (1981). *People* v. *Redmond,* 29 Cal. 3d 904, 913-914 (1981). *People* v. *Wilson,* 43 Colo. App. 68, 71 (1979). *Hector* v. *Florida,* 370 So. 2d 447 (Fla. Dist. Ct. App. 1979). *People* v. *Meeks,* 81 Ill. 2d 524, 536-537 (1980). *State* v. *Smith,* 407 So. 2d 652, 657 (La. 1981). *State* v. *Plante,* 417 A.2d 991, 996 (Me. 1980). *Atkins* v. *State,* 40 Md. App. 461, 463-465 (1978). *Matter of Jones,* 176 Mont. 412, 419-420 (1978). *State* v. *Thompson,* 62 N.C. App. 38, 43 (1983). *Commonwealth* v. *Thurmond,* 268 Pa. Super. 283, 287-289 (1979). *In re Luft,* 21 Wash. App. 841, 853 (1979).

There is no good reason why a judge whose task it is so often to act as a trier of fact cannot make a finding as to whether a defendant has committed perjury in testifying before him. He is as suitably equipped to make this finding as he is to appraise the defendant's demeanor and all the other factors which are important in sentencing.

The court says that to permit a sentencing judge to consider a defendant's perjury chills the defendant's right to testify in his own behalf. The short answer to this is that he has no right to commit perjury and if his predisposition to commit perjury is chilled, so much the better for the administration of justice. The right of the defendant is to testify truthfully in accordance with the oath taken by all witnesses. See *United States* v. *Grayson, supra* at 54. This right is not chilled.

I would hold that where a trial judge is satisfied beyond a reasonable doubt that a defendant has committed perjury in the judge's presence, he is entitled to consider the perjury in sentencing the defendant as one factor, among others, in assessing his prospects for rehabilitation and restoration to a useful niche in society.