COMMONWEALTH *vs.* LILLIAN M. DEROUIN. No. 91-P-621. January 14, 1992. *Practice, Criminal*, Sentence.

On the evening of February 10, 1990, Lillian M. Derouin was arrested for operating a motor vehicle while under the influence of intoxicating liquor. Following a bench trial a judge of the Haverhill District Court found Derouin guilty of violating G. L. c. 90, § 24.[1] The judge sentenced her to ten days in the house of correction, and fined her $400, and a $100 surfine. The defendant's only contention on appeal is that the judge took impermissible factors into consideration in determining her sentence.

The judge could have found the following facts. The defendant's vehicle was stopped by Georgetown police officer Jeffrey Gillen. As the officer approached the cab of the defendant's truck he detected a strong odor of alcohol. He also observed, in plain view, several bottles of alcohol on the front seat next to the defendant, two of which were partially empty. After failing several field sobriety tests the defendant became belligerent and un-

---

[1]The defendant was also convicted of other charges which are not the subject of this appeal.

cooperative, and Officer Gillen called for assistance. Upon the arrival of a second officer, Officer Armstrong, the defendant was arrested and taken to the police station.[2]

On cross-examination Officer Armstrong testified that the defendant's conduct at the scene was loud and boisterous, and that she used obscene language toward Officer Gillen.[3] In sentencing the defendant the judge made the following remarks:

> "I believe the uncontradicted testimony of Officer Armstrong as to the foul and repulsive language that the defendant used with Officer Gillen. Now, I believe that such foul language shows the degree of the intoxication of the defendant. But I also believe that police officers should not have to put up with such language when they're properly performing their duties."
>
> "Now, I want the record to show that if it wasn't for hearing that language, and feeling that it affects her degree of intoxication, I would not have imposed a ten day committed sentence."

The defendant argues that in sentencing her to a ten-day committed sentence the judge erred by improperly considering the statements made by the defendant to Officer Gillen. The defendant was punished, so the argument continues, for what she said rather than what she did, with the result that her constitutional rights were violated. We disagree with the defendant and find no error in the sentence.

It is not within the power of this court to review an otherwise lawful sentence. *Commonwealth* v. *Coleman*, 390 Mass. 797, 804 (1984).[4] Nevertheless, this court does have the limited authority to review a sentence in order to ensure that it is neither illegal nor unconstitutional. *Commonwealth* v. *Molino*, 411 Mass. 149, 155 (1991).

The ten-day committed sentence imposed by the trial judge was well within the permissible range allowed by the statute. Under G. L. c. 90, § 24, a committed sentence of up to two years may be imposed for a first offense. The defendant does not argue that the punishment is disproportionate to the offense. *Commonwealth* v. *Sanchez*, 405 Mass. 369 (1989) (sentence may be so disproportionate to the crime as to be violative of the Eighth Amendment to the United States Constitution). Therefore, the only

---

[2]The defendant was administered a breathalyzer test which resulted in a .12 reading.

[3]At the request of the judge, Officer Gillen testified to the defendant's exact words.

[4]The defendant filed a motion in the District Court seeking to revise and revoke her sentence. See Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979). The motion was denied.

issue before us is whether the sentence is based upon impermissible considerations.[5]

A trial judge is permitted "great latitude" in sentencing. *Commonwealth* v. *Celeste*, 358 Mass. 307, 310 (1970). We distinguish between evidence a judge may consider in determining guilt or innocence, as opposed to those factors which may properly be considered in sentencing one who has already been found guilty. In imposing a sentence "a trial judge properly may consider a variety of factors . . . many of which are inadmissible at trial." *Commonwealth* v. *Coleman*, 390 Mass. at 805. A judge may consider evidence pertaining to a defendant's behavior, character, employment, and family life. *Commonwealth* v. *Celeste, supra* at 309-310. See also *Williams* v. *New York*, 337 U.S. 241, 245 (1949) (judge may look to factors which illuminate a defendant's "life, health, habits, conduct, and mental and moral propensities"). Lastly, and perhaps most importantly, the trial judge may consider the nature of the offense and the circumstances surrounding the commission of the crime" *Commonwealth* v. *Coleman, supra* at 805.

In this case the defendant's sentence was not based upon improper considerations. The obscenities were probative on the issue of whether the defendant was intoxicated. The defendant did pass parts of the field sobriety test and she testified that surgery, not alcohol consumption, rendered her unable to walk a straight line, heel to toe. Any erratic driving was due to the fact, according to her testimony, that she had become lost after leaving the highway to find a gas station. The judge stated "I believe that such foul language shows the degree of the intoxication of the defendant." The defendant's obscenities were so extreme that the judge could reasonably conclude that only a person who is very intoxicated would say such things to a police officer.

The judge's consideration of the defendant's conduct did not punish the defendant for exercising her rights under the First Amendment to the United States Constitution.[6] See *Commonwealth* v. *Joseph*, 11 Mass. App.

---

[5]Sentences based upon impermissible factors have been vacated. See generally *Commonwealth* v. *Coleman*, 390 Mass. 797 (1984) (impermissible to enhance a defendant's sentence as a result of the defendant's perjury at trial); *Commonwealth* v. *Sitko*, 372 Mass. 305 (1977) (judge's belief in the guilt of the defendant as to a potential or pending charge constitutes an improper consideration in sentencing); *Commonwealth* v. *Banker*, 21 Mass. App. Ct. 976, 978 (1986) ("A judge may not punish a defendant for the exercise of his constitutional right to have his guilt decided after a trial by jury").

[6]The defendant, in support of her position, relies primarily on two cases. See, e.g., *Houston* v. *Hill*, 482 U.S. 451 (1987), and *Duran* v. *Douglas*, 904 F.2d 1372 (9th Cir. 1990). In *Hill* the defendant was arrested for statements he had made in violation of a Houston ordinance which made it a criminal offense to interfere with an officer in the line of duty. The defendant in *Duran* was arrested for disorderly conduct after he had made obscene gestures and yelled profanities at a police officer. *Hill* and *Duran* are distinguishable; in both cases the verbal statements of the defendants constituted the basis for the criminal charge. In each of these cases the

Ct. 879, 882 (1981) (it was proper for the judge in imposing a sentence to consider threats made by the defendant during the robbery). The judge simply considered the statements in order to determine the seriousness of the offense, and to aid him in determining what would be an appropriate punishment given all of the attending circumstances. Such considerations constitute a proper sentencing factor. Accordingly, we do not think "that any impermissible considerations entered into sentencing the defendant." *Commonwealth* v. *Ferguson*, 30 Mass. App. Ct. 580, 586 (1991).

*Judgment affirmed.*

*Michael J. Early* for the defendant.

*Elin H. Graydon*, Assistant District Attorney, for the Commonwealth.

---

defendants were arrested for speech which was constitutionally protected. In the instant case the defendant's language neither formed the basis of the offense nor the conviction, but was rather considered by the judge during sentencing as indicative of the defendant's degree of intoxication.