Following a jury-waived trial, the defendant was convicted of operating a motor vehicle while under the influence of intoxicating liquor in violation G. L. c. 90, § 24.[2] On appeal, the defendant argues that the trial judge was biased, that testimony about the failure to complete a field sobriety test was inadmissible, and that the evidence was insufficient to support a conviction. We affirm.
Discussion. 1. Bias. The defendant contends that statements made by the judge when delivering the verdict demonstrate that the judge refused to consider impartially the defendant's exculpatory testimony. The trial judge stated that the defendant had committed perjury, a crime with which he was not charged and for which he was not tried.[3] The statement was made, however, in the context of evaluating the credibility of the defendant. The judge considered, but did not credit, the defendant's testimony, which the judge found to be implausible and self-serving. The assessment of "the weight and credibility of the evidence" is determined by the trier of fact, in this case, the trial judge. Commonwealth v. AdonSoto, 475 Mass. 497, 509 (2016). "Although we think the judge's remark to have been highly inappropriate, we cannot say that his conduct clearly deprived the defendant of a fair trial." Commonwealth v. Coleman, 390 Mass. 797, 803 (1984).[4]
2. Field sobriety tests. The defendant further asserts that testimony concerning his second field sobriety test should not have been admitted because it constituted improper refusal evidence.
The responding trooper, Trooper French, conducted two field sobriety tests. He first asked the defendant to perform a one-legged stand. The defendant began the test before being instructed to do so, and appeared unsteady on one leg. He put down his raised foot and informed Trooper French that he was disabled and unable to perform the test. Trooper French then ended the one-legged stand test and asked the defendant to perform the nine-step walk test. While Trooper French provided instructions and demonstrated the nine-step walk test, the defendant twice interrupted him to state, "[j]ust tell me what you want me to do and I'll do it." When he attempted the nine-step walk test, the defendant appeared unsteady, swayed with his arms out, and almost fell over. Trooper French ended the test and arrested the defendant.
The defendant maintains that his statement that he was disabled, made during his first test, coupled with his statement during his second test that he would comply with the trooper's instructions, demonstrated that he thought he was required to perform the test even though he was unable to do so on account of his stated disability. He claims that the two statements constituted a refusal to perform the second field sobriety test.
It is well established that "evidence of the refusal to perform field sobriety tests when directed or requested by the police to do so violates the privilege against self-incrimination safeguarded by art. 12" of the Massachusetts Declaration of Rights. Commonwealth v. Brown, 83 Mass. App. Ct. 772, 777 (2013). See Opinion of the Justices, 412 Mass. 1201, 1211 (1992). Evidence of a defendant's refusal to perform a field sobriety test is, accordingly, inadmissible at trial. See Commonwealth v. Healy, 452 Mass. 510, 513 (2008). However, "once a person gives consent to take a test, his physical actions in performing the test ... may be the subject of testimony at trial." Brown, supra at 778, citing Commonwealth v. Curley, 78 Mass. App. Ct. 163, 168 (2010).
The defendant did not refuse to perform the tests. He said he could not perform the first test. He consented to take the second field sobriety test, and attempted to follow the instructions he was given stating, "[j]ust tell me what you want me to do and I'll do it." The defendant claims, however, that his consent was not voluntary because he undertook the field sobriety tests on the basis of his mistaken belief that he was obligated to comply with Trooper French's requests. There is, however, no requirement that officers inform drivers that they are permitted to refuse consent. See Commonwealth v. Blais, 428 Mass. 294, 299 (1998). Thus, the defendant's consent was valid, and there was no error in admitting testimony regarding the field sobriety tests.
3. Sufficiency of the evidence. "[I]n a prosecution for operating a motor vehicle while under the influence of intoxicating liquor, the Commonwealth must prove beyond a reasonable doubt that the defendant's consumption of alcohol diminished the defendant's ability to operate a motor vehicle safely. The Commonwealth ... must prove a diminished capacity to operate safely." Commonwealth v. Rarick, 87 Mass. App. Ct. 349, 352 (2015), quoting Commonwealth v. Connolly, 394 Mass. 169, 173 (1985). The Commonwealth may meet its burden by providing evidence of the "classic indicia of impairment," such as testimony "that the defendant was unsteady on his feet, had bloodshot and glassy eyes, smelled of alcohol, [or] slurred his words." Commonwealth v. Jewett, 471 Mass. 624, 636 (2015). We review the sufficiency of the evidence under the familiar Latimore standard. See Commonwealth v. Latimore, 378 Mass. 671, 677-678 (1979).
Trooper French observed the defendant get out of the car through the driver's side door and walk unsteadily, fumble with a stack of various cards for some time before producing his license, and slur his speech. The trooper noticed the defendant's "glossy eyes" and smelled a strong odor of alcohol when the defendant handed over his license. While administering the field sobriety tests, the defendant had difficulty balancing, slurred his speech, and did not follow instructions. The defendant offered competing explanations for all of this conduct, but viewed in the light most favorable to the Commonwealth, see Latimore, supra, this evidence was sufficient for a rational trier of fact to conclude that the defendant had a diminished capacity to operate a motor vehicle safely.
Judgment affirmed.

The defendant was also charged with, and found responsible for, a civil marked lanes violation in violation of G. L. c. 89, § 4A.

After defense counsel's closing argument, the following exchange ensued:
The court : "All right. Thanks. Respectfully you tried a good case. Mr. St. Pierre stand up. All right. Your lawyer did a good job and then you decided to take the witness stand and quite frankly you killed yourself. I can't believe a thing you said up there. I don't believe."
The defendant : "I apologize for that."
The court : "You don't have to apologize for that. Quite frankly in my opinion it's perjury. For you to tell me that you heard a bang, that you work with cars and that car went completely dead and then you decided to take a [thirty mile per hour] ramp to go, I don't know where when any reasonable person would have simply just pulled over to the side of the road which either tells me again that you're lying to me or you were too drunk to figure out what to do with the car. Don't say a word.
"All of the other responses that you gave on cross examination and even to your own lawyer just make absolutely no sense. There's nobody in this room that could have listened to that testimony and thought for one minute that you weren't doing anything but lying to try to save yourself up there. And you don't get to do that. It's a court of law. All right. For you to have five drinks, this is where I was, for you to have five drinks since eight p.m. and then get behind the wheel of a car is, and then not be able to negotiate the ramp tells me that you were impaired by alcohol, but then to go on this witness stand and try and -- I don't even know where to begin. You're guilty of that offense.
"Where does that leave us?"
Mr. Guilderson : "There's also a marked lanes violation, [j]udge."
The court : "Responsible."

In other contexts, such as in jury instructions or during sentencing, the judge's remarks suggesting that the defendant had perjured himself could constitute reversible error. See, e.g., Commonwealth v. Coleman, 390 Mass. at 810 (impermissible for judge to consider defendant's uncharged perjury during trial in sentencing); Commonwealth v. Ortiz, 39 Mass. App. Ct. 70, 72-73 (1995) (improper for judge to comment on witness credibility in jury instructions).