COMMONWEALTH *vs.* FELIX MANUEL LEBRON. February 5, 1987. *Constitutional Law*, Assistance of counsel. *Practice, Criminal*, Assistance of counsel, Comment by judge, Sentence. *Judge*.

A jury in the Superior Court convicted the defendant of unaggravated rape. He was sentenced to a term of not more than eight nor less than four years in State prison. Represented by new counsel on appeal, the defendant

argues that he should have a new trial because his trial counsel was ineffective and, if that contention fails, that he should be resentenced before a different judge because of improper remarks by the trial judge during the sentencing proceedings.

1. The standard for deciding whether a defendant has been deprived of the effective assistance of counsel is "whether there has been serious incompetency, inefficiency, or inattention of counsel — behavior of counsel falling measurably below that which might be expected from an ordinary fallible lawyer — and, if that is found, then, typically, whether it has likely deprived the defendant of an otherwise available, substantial ground of defence." *Commonwealth* v. *Saferian,* 366 Mass. 89, 96 (1974). *Commonwealth* v. *Chappee,* 397 Mass. 508, 522 (1986). Thus, in order to succeed on a claim of ineffective representation the defendant must prove both incompetence and prejudice.

The claims of ineffectiveness are grounded on the failure of the defendant's trial counsel (a) to move for a required finding of not guilty at the conclusion of all the evidence; and (b) to call a State police chemist to testify to conclusions in his report describing his analysis of hair samples. The defendant's trial counsel was not ineffective for failing to renew the motion for a required finding of not guilty at the close of all the evidence. No deterioration occurred in the Commonwealth's proof as a result of the defendant's evidence of alibi. The testimony of the victim, fresh complaint witnesses, and investigating police officers was more than sufficient to make the entire case one for the fact finder. By denying the defendant's initial motion for a required finding of not guilty, the judge recognized that the case belonged to the jury. The judge's statement during the sentencing ("Though I'm bound by the jury's verdict that it occurred, I don't know what I would have decided myself had I the question. I think I would have had a reasonable doubt") adds nothing of relevance on this issue; the statement simply reflected the judge's personal (and very general) perception of the strength of the Commonwealth's proof, tempered, however, by his simultaneous recognition that that proof was sufficient to warrant the jury in finding the defendant guilty of rape. The judge's denial of a motion filed subsequent to sentencing for a required finding of not guilty despite the verdict of the jury (or, in the alternative, for a new trial) further indicates that the defendant was not harmed by the earlier failure to renew the motion for a required finding.

The failure of the defendant's trial counsel to call as a witness the State police chemist who had analyzed hair samples taken from the couch where the incident occurred does not establish ineffective representation. The chemist's two reports were introduced in evidence by agreement. The reports clearly stated that "[d]issimilar human head hairs were found" and that "[t]he known head hair from [the victim] was consistent with the light brown hairs identified as 'on couch' . . . [while] [t]he known head hair from Lebron was not consistent with the dark brown hairs identified as 'on

couch' . . . ." The defendant's trial counsel could have decided that it was better to leave the chemist's conclusions to speak for themselves and instead to highlight in closing the alibi evidence which the conclusions tended to corroborate. In the circumstances, the defendant was not deprived of evidence which could have caused the loss of a substantial ground of defense.

2. In the sentencing proceedings the judge heard recommendations from counsel as well as statements by the defendant and the complainant. The judge imposed a sentence that fell within guidelines established by the Superior Court. Unfortunately, however, the sentencing proceedings, which were otherwise very fair and deliberate, were marred by the judge's consideration of certain improper factors based on personal experiences. The factors had no basis in the evidence or in the material produced at the sentencing. See generally the factors discussed in *Commonwealth* v. *Coleman,* 390 Mass. 797, 805 (1984). The Commonwealth concedes that the judge's references to those considerations were inappropriate. The Commonwealth argues, however, that the defendant suffered no actual harm. In context, it appears that the judge may have lessened the defendant's sentence slightly because of those considerations. Nevertheless, the judge's remarks are subject to misunderstanding. The appearance and interests of justice will be better served by resentencing.[1]

3. The verdict is to stand. The sentence is vacated and the defendant is to be resentenced before a different judge. If imprisonment is ordered, it should not be for a term any longer than the original sentence unless accompanied by a statement of reasons explaining the basis for the enhanced sentence. See *North Carolina* v. *Pearce,* 395 U.S. 711, 723-726 (1969); *Commonwealth* v. *Franks,* 369 Mass. 608, 610 (1976).

*So ordered.*

*Stuart A. Steinberg* (*Lewis E. Metaxas* with him) for the defendant.

*Rosemary Tarantino,* Assistant District Attorney, for the Commonwealth.

---

[1] The defendant seeks a new trial as a result of the problem with the sentencing. He is not entitled to that relief, only to resentencing.