## COMMONWEALTH vs. WILLIAM HOWARD.

Nos. 95-P-1046 & 95-P-1711.

Franklin. September 16, 1996. - March 20, 1997.

Present: SMITH, PORADA, & GREENBERG, JJ.

*Evidence,* Consciousness of guilt, Admissions and confessions, Medical record. *Practice, Criminal,* Argument by prosecutor, Sentence. *Privileged Communication.*

At the trial of an indictment for forcible rape of a child, the judge incorrectly admitted in evidence statements in a telephone conversation purportedly made by the defendant constituting evidence of consciousness of guilt and for which no proper foundation was made; however, the error was not prejudicial in light of the strong, properly admitted, circumstantial evidence of the defendant's guilt. [324-326]

No substantial risk of a miscarriage of justice was created by the prosecutor's argument at a criminal trial, where the judge gave an instruction that the arguments of counsel were not evidence. [326]

Where the judge in a criminal case clearly undertook in sentencing to punish the defendant based on factors for which there was no support in the record, the case was remanded for resentencing. [326-328]

In a rape case, the record on appeal was insufficient for consideration of the defendant's argument that the judge improperly denied the defendant access to relevant counseling records of the victim. [328-329]

INDICTMENT found and returned in the Superior Court Department on July 15, 1994.

The case was tried before *William H. Welch,* J.

A motion for an order permitting access to medical records was denied in the Appeals Court by *Jacobs,* J., and an appeal of that ruling was consolidated with the direct appeal.

*Peter M. Onek,* Committee for Public Counsel Services, for the defendant.

*Shaun S. McLean,* Assistant District Attorney, for the Commonwealth.

GREENBERG, J. In a two-count indictment the defendant was accused of forcible rape of a child (G. L. c. 265, § 22A),

and assault with intent to rape a child (G. L. c. 265, § 24B). The victim was a young girl short of her ninth birthday. Prior to trial, the assault charge was the subject of a nolle prosequi. After trial, the jury brought in a verdict of guilty on the count charging forcible rape of a child, and the defendant was sentenced to a term of imprisonment of from eight to twelve years at the Massachusetts Correctional Institution, Cedar Junction. On his direct appeal from the judgment of conviction, the defendant presses three points: (1) the judge improperly admitted incompetent evidence; (2) the prosecutor engaged in improper closing argument; and (3) the sentence imposed for his conviction was unduly harsh and partially based on impermissible factors. We affirm the conviction but remand the case for resentencing before another judge.

The jury could have found the following facts. The victim was living with her mother in the town of Athol at the time of the incident. After having been asleep for some time, she was rudely awakened by the defendant, in whose care the victim's mother had left her. He was standing near her bed with his jeans "a little above his knees." He wore no underwear and she could see his penis "sticking straight up." While she was still in bed, the defendant leaned over and covered her mouth to prevent her from crying out. He placed his penis inside her vagina "a little" while his body moved "sort of back and forth." She indicated that she felt some pain when he penetrated her.

Just after this occurred, the victim told the defendant that she had to go to the bathroom. Instead, she went downstairs to seek help from her mother's friend who was asleep on the couch in the living room. At that point, the defendant fled from the house. Next, the victim's mother returned home with a friend. The victim told her mother the entire story. After the police were summoned, her mother took her to the local hospital.

In addition to the victim's testimony about the event, and the fresh complaint testimony of several witnesses, a physician testified that at the time he examined her at the hospital, there was "some redness" outside the victim's vagina extending "a centimeter or more inside." He opined that the discoloration had been caused by some sort of friction and was possibly "consistent with . . . an attempt [to] insert[ ] a . . . penis [in the] vaginal area." He added that it could well

be found that there were other possible causes, including the action of someone's finger.

1. *The improper admission of incompetent evidence.* At trial, the prosecutor called Athol police detective, Robert F. Bouchard, as a witness. He testified that he spoke with the victim at the police station the day after the incident. During the course of the interview, he received a telephone call from "[a] person identifying himself as Billy Howard." The caller inquired about the case. Although Bouchard had previous contact with the defendant, he did not recognize the caller's voice on the telephone. The officer told the caller that he was conducting "a sexual assault investigation, and that the [caller] should turn himself" into the police. According to Bouchard, the caller responded "that he was going to turn himself in later in the day." The caller did not come to the police station. The defendant objected to Bouchard's testifying as to what the caller said after Bouchard stated that he did not recognize the caller's voice.[1]

Bouchard's testimony about the caller's response, i.e., that he would come to the police station, can be read as evidence of consciousness of guilt. It amounted to an admission that he did, indeed, sexually abuse the complainant. The admission in evidence of the contents of the telephone call was error.

A caller's mere self-identification, without more, is insufficient authentication to admit the substance of a telephone conversation. That principle was adopted in *Commonwealth* v. *Harris*, 232 Mass. 588, 591 (1919), where the Supreme Judicial Court quoted Professor Wigmore: "No one has ever contended that, if the person first calling up is the very one to be identified, his mere purporting to be A is sufficient, any more than the mere purporting signature of A to a letter would be sufficient." *Ibid.*, quoting from 7 Wigmore, Evidence § 2155, at 760 (Chadbourn rev. 1978). Later, in *Commonwealth* v. *Hartford*, 346 Mass. 482, 488 (1963), the court set forth the basic rule that "the mere fact that the speaker said he was the defendant [is] not enough to render the conversation admissible." It follows that, standing alone,

---

[1]The objection was sufficient to inform the judge that the defendant's concern was that no foundation existed for Bouchard's testifying as to what the caller said during the telephone conversation. Thus, appellate review of the issue was preserved. Cf. *Commonwealth* v. *Barnes*, 40 Mass. App. Ct. 666, 673 n.3 (1996).

Bouchard's testimony that the caller identified himself as "Billy Howard" does not amount to a proper foundation for admission of the response.

Here, because Bouchard testified that he did not recognize the voice on the telephone as that of the defendant, authentication must derive from other confirming circumstances. *Commonwealth* v. *Hartford, supra.* See *Rich* v. *Weeks,* 279 Mass. 452, 455-456 (1932) (substance of telephone conversation admitted based on circumstantial identification of defendant); *Commonwealth* v. *Anderson,* 404 Mass. 767, 770 (1989) (defendant was only male resident at telephone number dialed by witness, and statements made by speaker tended to confirm identity as defendant).

The Commonwealth argues that the following circumstances support the identification of the defendant as the caller. First, only ten hours elapsed between the incident and the telephone call, making it unlikely that anyone would have learned of the incident and formulated a plan to trap the defendant. Second, after agreeing to look after the complainant until her mother returned, the defendant fled the premises before the mother returned, thereby demonstrating consciousness of guilt. Third, there is no indication that anyone other than the defendant had any reason to place such a call to the police station.

These factors are not enough to support admission of this testimony; they are simply circumstances that the jury might consider to draw an inference that the defendant was the perpetrator. Here, the caller did not reveal any special knowledge about the events under investigation that the defendant alone would have possessed. The caller merely identified himself as Billy Howard, asked what was going on at the police station, and claimed that he would go there later in the day. There was error in the admission of Bouchard's testimony regarding this conversation.

We conclude, however, that the error was not prejudicial. Cf. *Commonwealth* v. *LaPlante,* 416 Mass. 433, 441 (1993) (in light of other evidence, lack of foundation for admission of a business record was not prejudicial). The victim was a highly competent witness displaying a familiarity with details of sexual conduct not likely known to an eight year old child; the defendant exhibited a consciousness of guilt when he fled the premises prior to the return of the victim's mother; and a

physician testified that the redness outside the victim's vagina was consistent with penile penetration. There were several fresh complaint witnesses who corroborated her story. In view of this strong circumstantial case, it is difficult to see how the evidence of the telephone call impermissibly tipped the scales against the defendant.

2. *The prosecutor's closing argument.* We briefly review the remarks of the prosecutor in her closing argument to the jury, to which the defendant made no objection, to determine whether there is a substantial risk of a miscarriage of justice. See *Commonwealth* v. *Daigle,* 379 Mass. 548, 549 (1980). We perceive no such risk. The prosecutor misstated certain evidence during part of her closing argument by telling the jury that the victim consistently related to three fresh complaint witnesses that the defendant had penetrated her. In fact, the victim specifically mentioned penetration only to the physician who examined her at the hospital. This remark and others of which the defendant now complains were not, as we have noted, subjects of objections, and defense counsel did not ask that a curative instruction be given. The judge, in fact, did give a curative instruction insofar as he told the jury that arguments of counsel were not evidence.

3. *Whether the judge relied on improper factors in sentencing the defendant.* The defendant received a sentence that exceeded the sentencing guidelines established by the Superior Court. Twelve days later, the judge issued a formal "Sentencing Memorandum" that set forth his reasons. Among others, he recited that:

> "In my judgment, the nature of this rape . . ., by this defendant who [has] not shown his willingness to correct his behavior when given a chance on probation [for a previous offense], for purpose of punishment and deterrence in the Athol area called for a sentence above the guidelines. The Athol area seems to have more than its share of child abuse cases and a large number of young shiftless men who have little or no regard for the personal or property rights of others."

The first ground of appeal on this point is that the judge undertook to punish the defendant for conduct of others and

not that for which he was convicted. This practice is prohibited. See *United States* v. *Eberhardt,* 417 F.2d 1009, 1015 (4th Cir. 1969), cert. denied sub nom. *Berrigan* v. *United States,* 397 U.S. 909 (1970).[2] A second ground is that "the sentencing proceedings . . . were marred by the judge's consideration of certain improper factors based on personal experiences." *Commonwealth* v. *Lebron,* 23 Mass. App. Ct. 970, 972 (1987).

A judge has considerable latitude within the framework of the applicable statute to determine the appropriate individualized sentence. See *Commonwealth* v. *Celeste,* 358 Mass. 307, 309-310 (1970). It remains to determine, however, whether it is permissible to target a message to residents of a particular town for the object of deterrence. It is clear that this was the judge's object. The transcript of the sentencing hearing bears evidence that the judge was affected by his perception of child abuse in the Athol area. His remarks had a prosecutorial bent, as if harsh punishment of the defendant would discourage sexual abuse from the community.

Of the authorities we have examined from other States, there being nothing on the point here, none has afforded

---

[2]Recently in *United States* v. *Watts,* 117 S. Ct. 633 (1997), the United States Supreme Court held that when imposing sentences on convicted defendants, Federal judges may consider not only the crimes for which the defendant was convicted, but also the conduct underlying any charges for which the defendant was acquitted, as long as that conduct was proven by a preponderance of the evidence. This would not change our analysis in the case at bar. *Watts* is grounded in both 18 U.S.C. § 3661 (1994), and § 1B1.3 of the Federal sentencing guidelines. Section 3661 states, "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." The Federal sentencing guidelines state that, "[r]elying on the entire range of conduct, regardless of the number of counts that are alleged or on which a conviction is obtained, appears to be the most reasonable approach to writing workable guidelines for these offenses." Federal Sentencing Guidelines Manual § 1B1.3 commentary (background), at 24 (1995). Nothing in the Recommended Guidelines for sentencing adopted by the Massachusetts Sentencing Commission, pursuant to G. L. c. 211E, as inserted by St. 1996, c. 12, § 9, permits a judge to consider general deterrence factors as an aggravating factor to enhance a sentence. See Massachusetts Sentencing Commission, Report to the General Court (April 10, 1996).

sentencing latitude in this respect.[3] Even if "target deterrence" as a sentencing factor were constitutionally defensible, there is no information on the record of the case at bar that supports the judge's assertion that, in fact, the Athol area had "more than its share of child abuse cases." Further, it cannot be gainsaid that "a sentencing judge may not undertake to punish [a] defendant for any conduct other than that for which [he] stands convicted in the particular case." *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976).

4. *Access to rape counselling records.* Prior to trial, the defendant moved under *Commonwealth* v. *Bishop*, 416 Mass. 169, 181-182 (1983), for access to records of the victim concerning counselling she received after the rape. The request, issued by defense counsel, specifically asked for review of the records by the trial judge, in camera. These records were in the possession of a mental health clinic which is part of the Human Resources Center for communities located in the north central area of Massachusetts. The clinic claimed that the records contained confidential communications, as defined in G. L. c. 233, § 20J, between the victim and her primary therapist.[4] During a colloquy on this matter just prior to trial, the judge, having reviewed the records in camera, allowed defense counsel access to two pages of the

---

[3]*Beno* v. *State*, 581 N.E.2d 922, 924 (Ind. 1991) (where judge aggravated sentence to make example of defendant to other drug dealers, court stated, "We do not believe . . . that a trial judge should be allowed to use the sentencing process as a method of sending a personal philosophical or political message. A trial judge's desire to send a message is not a proper reason to aggravate a sentence"). *Ragland* v. *State*, 670 N.E.2d 51 (Ind. Ct. App. 1996) (same). See *State* v. *Richardson*, 256 Kan. 69, 79 (1994) (where trial judge imposed harsh sentence declaring, "I've determined that my sentence is a sentence for you personally and a message to send out to the citizens of our state and county . . .," court stated that "message to community" was improper, though sentence affirmed on other grounds).

[4]General Laws c. 233, § 20J (1994 ed.), defines confidential communications as:

> "[I]nformation transmitted in confidence by and between a victim of sexual assault and a sexual assault counsellor by a means which does not disclose the information to a person other than a person present for the benefit of the victim, or to those to whom the disclosure of such information is reasonably necessary to the counseling and assisting of such victim. The term includes all information received by the sexual assault counsellor which arises out of and in the course of such counseling and assisting, including, but not limited to reports, records, working papers or memoranda."

records. The judge did not expressly rule on the privileged nature of the undisclosed records; instead, he declared that the remainder of the records contained "no relevant information as far as this case goes." Trial counsel made a general objection to the judge's ruling with respect to the undisclosed counselling records. However, the contested materials were not identified, impounded, or transmitted as part of the record of the direct appeal.

After the appeal was entered, appellate counsel renewed the motion for access to the withheld counselling records. A single justice of this court denied appellate counsel's unusual request, precipitating a separate appeal of that ruling which has been consolidated with the appeal from the conviction. A second look by the single justice at the privileged records which the trial judge ruled were not relevant is not a remedy ordinarily available to an aggrieved party. Based on the principles discussed in *Commonwealth* v. *O'Brien*, 27 Mass. App. Ct. 184, 190 (1989), denial of the motion was not an abuse of the single justice's discretion.

The defendant's conviction is affirmed. The sentence imposed is vacated, and the case is remanded to the Superior Court for resentencing before another judge.

*So ordered.*