COMMONWEALTH *vs.* ANNA MARIE TURAVANI. No. 96-P-1262. July 23, 1998.
*Practice, Criminal,* Sentence.

On March 22, 1995, a Superior Court jury convicted the defendant of three counts of assault and battery by means of a dangerous weapon (one count regarding each of her children, four month old Christina Andrews, two year old Michael Villegas, and three year old Cesar Villegas)[1] and of three counts of assault and battery (one count regarding each of the children). She was found not guilty of mayhem regarding Christina.

On April 27, 1995, the trial judge imposed the following sentences, to be served consecutively in the Massachusetts Correctional Institution at Framingham: from five to seven years for assault and battery by means of a dangerous weapon on Christina; from four to six years for assault and battery by means of a dangerous weapon on Cesar; and from four to six years for assault and battery by means of a dangerous weapon on Michael. Two and one-half year sentences were imposed in a house of correction on each of the assault and battery convictions, to be served concurrently, from and after the last sentence for assault by means of a dangerous weapon. The assault and battery convictions were suspended, with three years of probation, to take effect upon the defendant's release from State prison. Conditions of probation require that the defendant (1) not see any of her children; (2) undergo random drug testing; and (3) undergo drug or alcohol abuse counseling as her probation officer deems appropriate. On May 30, 1995, the defendant filed a pro se motion to revise or revoke her sentence, which the trial judge denied on June 7, 1995.

The defendant was tried on the theory that she committed each of the criminal acts herself or that she participated in a joint venture with Michael Andrews, Christina's biological father, to commit these acts. Suffice it to say there was ample evidence that the children were physically abused while they were in the care of the defendant and Andrews, and that the abuse left Christina in a chronic vegetative state.

The defendant's argument on appeal pertains solely to sentencing. She contends that the trial judge abused his discretion by basing her sentence on conduct for which she was not convicted and by failing to consider her mental deficits and "other complications" when imposing sentence. She asks for a reduction of her sentence.

While it is prohibited for a judge to sentence a defendant for conduct for

[1]The defendant was indicted on two counts of assault and battery by means of a dangerous weapon regarding Christina, one in which the dangerous weapon was an infant car seat, and the other, a wooden crib. Before the case was submitted to the jury, the indictment in which the car seat was the weapon was dismissed. The other indictment for assault and battery by means of a dangerous weapon was amended to eliminate the designation of the dangerous weapon as a wooden crib.

The dangerous weapon involved in the assaults on the defendant's sons was a belt.

which she was not convicted, see *Commonwealth* v. *LeBlanc*, 370 Mass. 217, 221 (1976); *Commonwealth* v. *Howard*, 42 Mass. App. Ct. 322, 326-328 (1997), there is no evidence that the judge did so in this case. To the contrary, at the sentencing hearing, he explicitly stated that the defendant was being sentenced for the six crimes of which she was convicted. He acknowledged that she had been acquitted of the charge of mayhem, but that she had been "convict[ed] . . . on six serious charges, three felonies and three misdemeanors on each of her children, and [that he intended] to impose an appropriately severe punishment for those offenses for which the jury convicted [the defendant]."[2]

The facts similarly belie the defendant's contention that the judge failed to consider her mental deficits. Before sentencing, the judge expressly stated the factors he was considering. These included a lengthy presentence report; portions of Department of Social Service records concerning the defendant; testimony regarding the defendant's intellectual and emotional state given by Joan Katz, a social worker with the Committee for Public Counsel Services who had interviewed the defendant; as well as the judge's own knowledge of the facts of the case.

The defendant does not dispute that the sentences imposed were permitted by statute. See G. L. c. 265, § 15(A)(*b*) (authorizing imprisonment for up to ten years in State prison for assault and battery by means of a dangerous weapon); G. L. c. 265, § 13A (authorizing imprisonment for up to two and one-half years in a house of correction for assault and battery). As the defendant recognizes, she may not obtain appellate review of an otherwise lawful sentence. See *Commonwealth* v. *Coleman*, 390 Mass. 797, 804 (1984); *Commonwealth* v. *Burdick*, ante 904, 905 (1998), quoting from *Commonwealth* v. *Bibby*, 35 Mass. App. Ct. 938, 941 (1993).[3]

The judge appropriately exercised his considerable discretion to determine "the appropriate individualized sentence" in this case. *Commonwealth* v. *Gill*, 37 Mass. App. Ct. 457, 469-470 (1994), quoting from *Commonwealth* v. *Goodwin*, 414 Mass. 88, 92-93 (1993). *Commonwealth* v. *Howard*, 42 Mass. App. Ct. at 327.

*Judgments affirmed.*

*Richard H. Wynn* for the defendant.

*Karen A. Rooney,* Assistant District Attorney, for the Commonwealth.

---

[2]At trial, counsel stipulated that Michael Andrews had pleaded guilty to mayhem; assault with intent to murder; assault and battery by means of a dangerous weapon, a wooden crib; and assault and battery by means of a dangerous weapon, a car seat, all with regard to Christina. He further pleaded guilty to assault and battery by means of a dangerous weapon, a belt, on Cesar Villegas and Michael Villegas.

[3]The defendant did not appeal her sentences to the Appellate Division of the Superior Court, which has authority to review a lawful sentence. See G. L. c. 278, §§ 28A-28C.