**Lawrence E. BLAND, Jr., Petitioner, Appellant,**

v.

**Timothy HALL, Respondent, Appellee.**

**No. 02–1750.**

United States Court of Appeals, First Circuit.

April 8, 2003.

Lawrence E. Bland, Jr. on brief pro se.

Thomas F. Reilly, Attorney General, and Linda A. Wagner, Assistant Attorney General, on brief for appellee.

Before CYR, Senior Circuit Judge, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

Petitioner Lawrence Bland appeals a district court order that dismissed his fed-

eral habeas petition as time-barred on the ground that the petitioner's motion to revise and revoke his sentence under Mass. R.Crim. P. 29 did not toll the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), under 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."). The petitioner argues that the district court's decision is "patently at odds" with the plain language of 28 U.S.C. § 2244(d)(2) as construed by *Duncan v. Walker,* 533 U.S. 167, 175, 177, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and such cases as *Carter v. Litscher,* 275 F.3d 663, 665–66 (7th Cir.2001), *Tillema v. Long,* 253 F.3d 494, 502 (9th Cir.2001)(permitting tolling so long as the state post-conviction proceeding challenges the same judgment that is challenged by the federal habeas petition), and *Hunt v. Hall,* No. 00–10846 (D.Mass. March 18, 2002)(unpublished decision holding sentencing appeal to Appellate Division of Massachusetts superior court tolled the statute of limitations under 28 U.S.C. § 2244(d)(2)). Thus, the petitioner maintains that both the plain language and the policy interests behind § 2244(d)(2) compel the conclusion that his motion to revise and revoke his sentence tolled the statute of limitations, therefore his federal habeas petition is timely.

We find it unnecessary to resolve the tolling issue presented here, for it is clear that the petitioner's underlying habeas claims are meritless. Having thoroughly reviewed the record, we cannot say that the Massachusetts Appeals Court's decision in *Commonwealth v. Bland,* 48 Mass. App.Ct. 666, 724 N.E.2d 723 (2000) constitutes an "unreasonable application of federal law." *See, e.g., McCambridge v. Hall,*

303 F.3d 24, 34–35 (1st Cir.2002)(en banc).[1] Since we may affirm on any ground supported by the record, *see Acha v. United States,* 910 F.2d 28, 30 (1st Cir.1990), and the underlying habeas claims obviously have no merit here, the judgment for the respondent is *affirmed. See* Local Rule 27(c).

---

1. We have given petitioner the benefit of every doubt and assumed that he properly exhausted his federal habeas claims in his state appeal from the denial of his Rule 29 motion and that the Massachusetts Appeals Court's decision adjudicated those claims on the merits within the meaning of 28 U.S.C. § 2254(d). We would reach the same conclusion even if we applied *de novo* review.