NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

16-P-670                                          Appeals Court


COMMONWEALTH  vs.  JANERA W. DOBSON.


No. 16-P-670.

Suffolk.      March 10, 2017. - October 3, 2017.

Present:  Milkey, Hanlon, & Lemire, JJ.


Assault and Battery by Means of a Dangerous Weapon. Parent and
     Child, Discipline.  Child Abuse.  Practice, Criminal,
     Required finding.



     Complaint received and sworn to in the Dorchester Division
of the Boston Municipal Court Department on May 5, 2014.

     The case was heard by Catherine K. Byrne, J.


     Peter A. O'Karma for the defendant.
     Kathryn E. Leary, Assistant District Attorney, for the
Commonwealth.


     HANLON, J.  On December 16, 2014, following a jury-waived

trial in the Dorchester Division of the Boston Municipal Court,

the defendant, Janera W. Dobson, was convicted of assault and

battery by means of a dangerous weapon; she had been charged

with striking her five year old child in the face with a leather

belt.  See G. L. c. 265, § 15A(b).  On appeal, she contends that the Commonwealth failed to prove that her behavior was not privileged as parental discipline.  We affirm.

Background.  We recite the facts as the judge could have found them.  At approximately 5:20 P.M. on May 2, 2014, Boston Police Officer Brendon Cahill received a radio call to respond to an incident at 45 School Street, in the Dorchester section of Boston.  There, he encountered a five year old child and his father standing outside the building.  The child had a four-inch-long straight red mark on his leg, and another red mark on his face.[1]  After speaking to the father, Cahill entered a second-floor apartment at 45 School Street and spoke with the child's mother, the defendant.  She told him that she had struck her child with a belt in an attempt to discipline him, and that she had intended to hit his buttocks, but had missed and hit him in the face.  Cahill requested that detectives come to the scene to photograph the child's injuries.

The defendant was charged with assault and battery by means of a dangerous weapon, a belt.  At trial, the Commonwealth's evidence consisted of Cahill's testimony and three black and white photographs of the child with the marks; the defendant offered only her own testimony.  She testified that she had

---

[1] The child's pants were rolled up so the officer could see the mark.

"spanked [her son] with a belt" because "in his [kindergarten] classroom there were people who [were] observing his class for that day and he was very aware of who they were and what they were doing and deliberately [her] son had acted out in class and put on a riot for them which is not his usual behavior." On cross-examination, the defendant agreed that the belt was leather. The judge found her guilty.

Discussion. The defendant appeals, arguing that she was entitled to a required finding of not guilty because her behavior was protected by the parental discipline privilege, citing Commonwealth v. Dorvil, 472 Mass. 1 (2015), where the Supreme Judicial Court expressly recognized the existence of that privilege and discussed its elements in depth. Pursuant to the privilege,

> "[A] parent or guardian may not be subjected to criminal liability for the use of force against a minor child under the care and supervision of the parent or guardian, provided that (1) the force used against the minor child is reasonable; (2) the force is reasonably related to the purpose of safeguarding or promoting the welfare of the minor, including the prevention or punishment of the minor's misconduct; and (3) the force used neither causes, nor creates a substantial risk of causing, physical harm (beyond fleeting pain or minor, transient marks), gross degradation, or severe mental distress."

Id. at 12. The privilege constitutes an affirmative defense, and, thus, "where the parental privilege defense is properly before the trier of fact, the Commonwealth bears the burden of

disproving at least one prong of the defense beyond a reasonable doubt." Id. at 13. In the defendant's view, the Commonwealth failed to disprove any element of the defense. For present purposes, we need only consider the first prong -- whether the force used was reasonable.

"When reviewing the denial of a motion for a required finding of not guilty, we consider 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' (emphasis in original). [Commonwealth v.] Latimore, 378 Mass. [671,] 677 [(1979)], quoting Jackson v. Virginia, 443 U.S. 307, 318-319 (1979). The inferences drawn by the [fact finder] from the evidence 'need only be reasonable and possible and need not be necessary or inescapable.' Commonwealth v. Longo, 402 Mass. 482, 487 (1988), quoting Commonwealth v. Casale, 381 Mass. 167, 173 (1980)." Commonwealth v. Kelly, 470 Mass. 682, 693 (2015).

Here, the evidence was sufficient to permit the judge to conclude that the defendant intended to strike the five year old child in the face with the leather belt, and that she did so, leaving a red mark still visible some time afterwards. In addition, the marks on the child's face and leg were such that the responding officer summoned detectives to photograph them; the marks were still visible when the detectives arrived, and

are visible in the photographs contained in the record.  There was no evidence as to the relative positions of the defendant and the child when the strike occurred -- e.g., whether both were standing, whether the defendant held the child across her lap, and so forth.  In the absence of any such evidence, and based on the fact that the buttocks and face are on opposite sides of the body, the judge could rely on her own "experience and common sense," see Commonwealth v. Lao, 443 Mass. 770, 779 (2005), to discredit the defendant's explanation and conclude, instead, that she had intended to strike the child in the face.

Leaving aside for a moment the issue of privilege, it is clear that these facts would support a finding of guilt on the charge of assault and battery by means of a dangerous weapon. See Commonwealth v. Tevlin, 433 Mass. 305, 312 n.3 (2001) ("A dangerous weapon is any instrument which, by the nature of its construction or the manner of its use, is capable of causing grievous bodily injury or death, or could be perceived by a reasonable person as capable of such injury.  An item is a dangerous weapon if it is used in a way that it reasonably appears to be capable of causing serious injury or death to another person").  Hitting a five year old in the face with a leather belt with sufficient force to leave a mark could well have caused serious injury to his eyes or some other part of his face.  Cases have long acknowledged that a belt can be used as a

dangerous weapon, particularly when employed against a child.
See, e.g., Commonwealth v. Moquette, 439 Mass. 697, 707-708
(2003); Commonwealth v. Turavani, 45 Mass. App. Ct. 909, 909 n.1
(1998).

The question then, is whether such a use of force was
reasonable, under all of the circumstances, as a matter of
parental discipline, under the principles explained in Dorvil,
supra.  In evaluating the reasonableness of striking a child in
the face with a belt, the judge properly could take into account
a variety of factors, including "the child's 'age,' the
'physical and mental condition of the child,' and 'the nature of
[the child's] offense,'" among others.  Dorvil, 472 Mass. at 13,
quoting from Restatement (Second) of Torts § 150 (1965).  Here,
the only additional evidence was the mother's testimony that her
child had "acted out" at school on "numerous" occasions, and
that she disciplined him for having deliberately done so again
on a day when there were observers in the child's kindergarten
classroom.  There was no indication that the discipline was used
for the child's safety -- for example, to keep him from going
into the street or touching something hot.  On this evidence,
the judge rationally could have found that it was unreasonable
for the mother to strike her five year old child in the face
with a leather belt for unspecified misbehavior in his

kindergarten classroom.[2]  See, e.g., Commonwealth v. Packer, 88
Mass. App. Ct. 585, 589 n.5 (2015) (It is for the fact finder to
determine whether the defendant's actions "constitute reasonable
parental discipline").

We also note that the parental discipline privilege
explained in Dorvil did not address the use of weapons; in that
case, the court found it significant that the defendant had been
found guilty of assault and battery, but not guilty of assault
and battery by means of a dangerous weapon.  Id. at 5-6.
Compare Commonwealth v. Torres, 442 Mass. 554, 568 n.11 (2004),
cited in Dorvil, supra at 7, where the Supreme Judicial Court
determined there was no error in failing to instruct the jury on
a parent's right to use reasonable force to discipline her
children ("On any view of the evidence, [the mother's] frequent
beating of these very young children -- striking them with
different objects, inflicting blows to many parts of their
bodies, causing broken bones and plainly visible bruises --
would not come within that privilege").

---

[2] These facts also support a determination that the
Commonwealth carried its burden to disprove the third prong of
the parental discipline defense, i.e., that "the force used
. . . create[d] a substantial risk of causing[] physical harm
(beyond fleeting pain or minor, transient marks) [or] gross
degradation." Dorvil, 472 Mass. at 12.  See id. at 13 ("In
evaluating the third [prong], the trier of fact must decide
whether the . . . risk of injury . . . created was, in context,
sufficiently 'extreme' as to be inherently impermissible").

Conclusion.  Viewed in the light most favorable to the
Commonwealth, we are satisfied that the evidence was sufficient
to prove that the defendant's use of force was unreasonable,
thus negating the first prong of the parental discipline
privilege.  In so doing, we have in mind the court's conclusion
in Dorvil, supra at 15, "recogniz[ing] that . . . absolute
equipoise between the goals of protecting the welfare of
children and safeguarding the legitimate exercise of parental
autonomy is likely unattainable.  To the extent that that is so,
the balance will tip in favor of the protection of children from
abuse inflicted in the guise of discipline."

Judgment affirmed.