In 2013, indictments were returned against the defendant and his half-brother, Domunique Grice, stemming from their attempt to fraudulently receive funds from the "One Fund," which provided aid to victims of the Boston Marathon bombings. After a jury trial, the defendant was convicted of conspiracy, attempt to commit larceny, and identity fraud. On direct appellate review, the Supreme Judicial Court affirmed the defendant's conspiracy and attempt to commit larceny convictions, but vacated his identity fraud conviction for insufficient evidence. See Commonwealth v. Mattier, 474 Mass. 261, 277 (2016). The Supreme Judicial Court declined to remand the case for resentencing, concluding that the defendant's sentence was unlikely to be affected.[2] Ibid.
Even so, the defendant filed a motion for resentencing pursuant to Mass.R.Crim.P. 29(a), 378 Mass. 899 (1979), which was denied by the same judge who presided over the trial. Here, the defendant appeals the denial of his motion and asks that we remand for resentencing before a different judge. We affirm.
In his motion for resentencing, the defendant asserted for the first time that improper considerations impacted the judge's sentencing decision, specifically citing the judge's statement that the victims of the crimes included the donors to the One Fund.[3] In denying the motion, the judge ruled that it was both procedurally waived, as it was not raised at the earliest opportunity, and substantively meritless, as the judge's mention of the community of victims "was made as part of a detailed statement of reasons" for the sentence.
"The purpose of a rule 29 motion is 'to permit a judge to reconsider the sentence he has imposed and determine, in light of the facts as they existed at the time of sentencing, whether the sentence was just.' " Commonwealth v. McCulloch, 450 Mass. 483, 487 (2008), quoting from Commonwealth v. DeJesus, 440 Mass. 147, 152 (2003). We review a judge's denial of a motion for resentencing for abuse of discretion. See Commonwealth v. Malick, 86 Mass. App. Ct. 174, 185 (2014). As such, we must determine whether the judge's decision was the result of " 'a clear error of judgment in weighing' the factors relevant to the decision ... such that the decision falls outside the range of reasonable alternatives." L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014) (citation omitted).
In his motion for resentencing, the defendant relied on Commonwealth v. McFadden, 49 Mass. App. Ct. 441 (2000), to support his contention that improper sentencing considerations guided the judge's decision. In McFadden, "testifying on his own behalf, the defendant was adamant" that he was not present at the scene of the crime despite a breadth of evidence to the contrary. Id. at 442. After being convicted of the drug charges, during sentencing the judge in part said to the defendant, "[Y]ou had the gall to get up on the stand and basically perjure yourself. ... [Y]ou don't even have enough integrity to stand and take whatever was deserved under the circumstances." Ibid. As "[a] trial judge may not consider a defendant's alleged perjury on the witness stand in determining the punishment to impose for a criminal conviction," this court remanded that case for resentencing. Id. at 443, quoting from Commonwealth v. Coleman, 390 Mass. 797, 806 (1984).
At present, the defendant does not contest the judge's determination that his motion was procedurally waived and focuses instead on the judge's determination that the substance of the motion was meritless. The context of the judge's mention of One Fund donors as victims reflects that his concern was primarily with the egregious nature of the defendant's crimes, as the judge went as far as to describe the defendant's actions as "almost sociopathic." Further, this statement was made at least in part in response to the defendant apologizing before the court "to his mom, his girlfriend and his daughter" while failing to show remorse toward the actual victims of the crimes.
"Provided that the decision is based on appropriate considerations, '[a] trial judge is permitted "great latitude" in sentencing.' " Commonwealth v. Jones, 71 Mass. App. Ct. 568, 572 (2008), quoting from Commonwealth v. Derouin, 31 Mass. App. Ct. 968, 970 (1992). "A judge may consider evidence pertaining to a defendant's behavior, character, employment, and family life. ... [A]nd perhaps most importantly, 'the trial judge may consider the nature of the offense and the circumstances surrounding the commission of the crime.' " Derouin, supra, quoting from Coleman, 390 Mass. at 805.
With this in mind, we conclude that the judge's initial sentence was not based on improper considerations. The context of his mention of One Fund donors as among the victims of the defendant's crimes reflected the judge's thoughts on the egregiousness of the crimes and the defendant's character, which indeed are proper sentencing considerations. The defendant's reliance on McFadden was misguided, as that judge clearly erred in considering what he believed to be perjury committed by the defendant. See McFadden, supra at 443. As a result, we discern no abuse of discretion in the judge's denial of the defendant's motion for resentencing.
Since we decline to remand for resentencing, we need not address the defendant's argument that a different judge should preside over any remanded proceeding.
Order denying motion for resentencing affirmed.

The sentences for the two convictions that were affirmed had been ordered to run concurrently with the vacated conviction. Grice was found not guilty of identity fraud and received the same disposition. As such, in deciding not to remand for resentencing, the Supreme Judicial Court concluded "that the judge did not enhance any other portion of [the defendant's] sentence based on the identity fraud conviction." Mattier, 474 Mass. at 277 n.24.

Contributing to a charity does not create a financial interest in that charity. See Mattier, 474 Mass. at 275-276.